[No. 44756. En Banc. February 16, 1978.]

DONALD RUPERT, ET AL, *Appellants,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ET AL, *Respondents.*

*Mann, King, Anderson, Bingham & Scraggin,* by *Thomas H. Oldfield* and *James R. Heller,* for appellants.

*Slade Gorton, Attorney General,* and *Morris C. Looysen, Assistant,* for respondents.

BRACHTENBACH, J.—This appeal involves the propriety of the revocation of a child care center license by the Department of Social and Health Services (Department). The trial court upheld a Department ruling revoking appellants' day care center license because they failed to allow Department personnel to carry out a previous Department order to inspect their day care center. We affirm.

Appellants operate a day care center in their home in Tacoma. They were first licensed in August 1969.

In 1974, the Department alleged that appellants had violated several Washington Administrative Code (WAC) provisions regarding day care center licensees and proposed revocation of their license. A hearing was held and it was determined that appellants, among other violations, had refused Department caseworkers admittance to the day care center on two occasions as required by RCW 74.15-.030(5) and WAC 388-75-069.

The hearing examiner ruled that "revocation is not appropriate if these problems are resolved." The examiner ordered appellants to allow Department personnel to make a complete inspection of the facility within 30 days. The order did not state whether the Department had to notify appellants when, within the 30-day period, they would inspect. This order was never appealed.

Pursuant to that order, an unannounced inspection was attempted by Department caseworkers. The caseworkers were denied admittance by appellants' employee based upon a rule of appellants that no one except parents may enter the day care facilities while appellants are absent therefrom. Proceedings were instituted and appellants' day

care center license was revoked for violation of the Department order and violation of RCW 74.15.030(5) and WAC 388–75–069.

The Superior Court affirmed the action of the Department, finding that appellants had refused to allow an inspection of their premises as required by the unappealed Department decision and that the actions of the Department were reasonable and necessary to carry out the law which required them to make certain inspections. We agree.

After a full and fair hearing, appellants were ordered to allow an inspection of their premises within 30 days. They did not appeal this order. Yet they failed to heed it. If appellants did not feel that an inspection was proper, they should have appealed the order. Their direct violation of the agency order made revocation of their license appropriate.

Clearly, the Department had the authority to order the inspection. The legislature has not only granted the Department the power to inspect, but has mandated that it do so. *See* RCW 74.15.030(5).

■ Further, although the order did not specify a particular time of inspection, we do not feel that was necessary. Appellants were aware that the inspection would occur sometime within the 30–day period following the order and that was sufficient. If they wanted notification, they should have raised that point at the time the order was entered.

Appellants contend that their violation of the order was "excused" because of their rule that prohibited entrance by anyone except parents while they were absent. However, the Department and the trial court found that there was no reasonable excuse for appellants' failure to allow the inspection. We do not consider this finding either clearly erroneous or arbitrary and capricious. *Hayes v. Yount,* 87 Wn.2d 280, 552 P.2d 1038 (1976). The attempted inspection was in the afternoon and the caseworkers clearly identified themselves to appellants' employee. Appellants knew that an inspection was forthcoming and should have instructed

their employees to allow properly identified Department personnel to enter the facility.

Appellants further contend that unannounced Department inspections made pursuant to RCW 74.15.030(5) and WAC 388–75–069 are unconstitutional under the administrative search guidelines announced by this court in *Washington Massage Foundation v. Nelson*, 87 Wn.2d 948, 558 P.2d 231 (1976). However, we need not pass on the constitutionality of unannounced day care center inspections in light of the fact that appellants' license was revoked not because they violated the statute/regulation, but because they failed to comply with an unappealed Department order.

For the same reason, we need not consider appellants' argument that unannounced visits are an administrative rule, not effective against them because of the failure of the Department to promulgate such rule pursuant to the requirements of the administrative procedures act. RCW Title 34.

The decision of the trial court upholding the revocation of appellants' day care center license is affirmed.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, HOROWITZ, DOLLIVER, and HICKS, JJ., concur.