[No. 45920. En Banc. October 18, 1979.]

PAUL SHEFFIELD, ET AL, *Petitioners,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*Montgomery L. Smith,* for petitioners.

*Randall & Danskin,* by *Grant L. Kimer,* for respondents.

DOLLIVER, J.—Plaintiffs brought this action against the Department of Social and Health Services alleging negligent administration of its foster home program. Shortly after the action was filed, plaintiffs moved to waive the cost bond required by RCW 4.92.010. The motion was denied. Plaintiffs appealed in forma pauperis. We accepted certification on the question of whether RCW 4.92.010, which requires persons suing the state to file a surety bond for indemnification of the state's costs, violates the constitutional guaranties of equal protection.

Plaintiffs rely on *Hunter v. North Mason High School & School Dist. 403*, 85 Wn.2d 810, 539 P.2d 845 (1975). In that case, we held RCW 4.96.020, which required that claims against certain political subdivisions for damages arising out of tortious conduct be filed within 120 days from the date of the claim, violated the equal protection clause of the Fourteenth Amendment. Referring to the unequivocal waiver of sovereign immunity (RCW 4.92.090), we held:

> Any policy of placing roadblocks in the way of potential claimants against the state having been abandoned, we cannot uphold nonclaim statutes simply because they serve to protect the public treasury. Absent that justification, there is no basis, substantial or even rational, on which their discrimination between governmental plaintiffs and others can be supported. They thus cannot stand under the equal protection clause of the Fourteenth Amendment or Const. art. 1, § 12. We follow a growing number of courts in holding that the arbitrary burden placed on state claimants by this type of statute cannot withstand constitutional scrutiny.

(Footnotes and citations omitted.) *Hunter*, at 818–19. *See also Jenkins v. State*, 85 Wn.2d 883, 540 P.2d 1363 (1975), in which we invalidated the nonclaim statute for actions against the state.

Plaintiffs argue the cost bond requirement of RCW 4.92.010 is the same sort of nonclaim provision we struck down in *Hunter* and, therefore, must be held equally violative of the Fourteenth Amendment and Const. art. 1, § 12.

We agree. The analysis and reasoning in *Hunter* as it applied to RCW 4.96.020 applies with equal force to RCW 4.92.010. Since our views expressed in *Hunter* are dispositive, we need not repeat them here.

The requirement for the cost bond in RCW 4.92.010 is held to be violative of the equal protection provisions of the state and federal constitutions. The case is remanded to the trial court for further action not inconsistent with this opinion.

UTTER, C.J., and STAFFORD and HOROWITZ, JJ., concur.

WRIGHT, J. (concurring in the result)—I believe the result reached by the majority is correct. I do not, however, agree with all of the reasoning engaged in by the majority. Plaintiffs are entitled to waiver of the cost bond on the authority of *Carter v. University of Washington,* 85 Wn.2d 391, 536 P.2d 618 (1975).

Having determined that plaintiffs shall prevail it is improper to resort to constitutional grounds, thereby striking down a statute which has been in effect since territorial days. *State ex rel. Oregon R. & Nav. Co. v. State Railroad Comm'n,* 52 Wash. 17, 100 P. 179 (1909); *Rupert v. Department of Social & Health Servs.,* 89 Wn.2d 698, 574 P.2d 1187 (1978). The rule is well established a statute will generally not be found invalid on constitutional grounds unless such is necessary to the decision of the case.

ROSELLINI, J. (dissenting)—In the case of *Housing Authority v. Saylors,* 87 Wn.2d 732, 557 P.2d 321 (1976), this court held that an indigent civil litigant has no constitutional right to the waiver of appellate filing fees and cost bond, if the interest involved is not a fundamental one and there is another procedure available not requiring the payment of fees, through which redress can be sought. That case, and those precedent to it, dealt with the imposition of fees by the court. We are here concerned with a cost bond requirement imposed by the legislature for the benefit of

the State. I do not believe that this court has any power to waive it.

The majority assumes that the legislature, when it enacted Laws of 1963, ch. 159, p. 753 (RCW 4.92.090), waiving tort immunity, intended that suits against the State should be conducted precisely as those which are brought against private parties. I cannot find this intent in the statutes. Acts of the legislature in pari materia must be read together to determine the legislative intent. The cost bond requirement of RCW 4.92.010 was in effect when chapter 159 was enacted, and was incorporated in that chapter. How, then, can it be said that the legislature intended to repeal it? Furthermore, the act was amended in 1973, and again the bond requirement was incorporated in the amendment. This enactment is authorized by Const. art. 2, § 26, which provides:

§ 26 SUITS AGAINST THE STATE. The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state.

In *Hunter v. North Mason High School & School Dist. 403,* 85 Wn.2d 810, 539 P.2d 845 (1975), cited as controlling by the majority, the question was whether a nonclaim statute requiring that notice of a claim against a school district be given within 120 days after it arises denied equal protection of the laws. In concluding that it did, we considered the fact that, because the affluent are more likely to have regularly retained counsel than the poor and more likely to seek legal advice, such a provision tends to deprive the poor of just claims because of their ignorance of the law's requirements. Such a provision denies a substantial property right, we said. We also noted that the State is in no different position than many private entities with respect to its ability to ascertain whether an injury has occurred and to investigate it, without the notice contained in a written claim. We also pointed out that, what with the prevalence of liability insurance, there is no need to budget for the payment of claims. And finally, we considered the fact that a governmental body is in no different position

from the private individual or entity in needing to have notice of hazards so that it can correct them.

In that case we dealt with the factors which are advanced to justify nonclaim statutes. Those factors are not the same as those which justify the furnishing of a cost bond.

It was the apparent purpose of RCW 4.92.010 to protect the State against spurious suits and to assure that its costs would be paid if it prevailed in the litigation. This provision does not deprive anyone of a substantive right. It is true that, as we said in *Hunter,* a party has a right to pursue his just claim, but it is also true that, if his suit proves invalid, he has a duty to pay the costs of the defendant. I do not believe that equal protection of the laws requires that the courts shift the plaintiff's responsibilities to the shoulders of the defendant. The rights of both are entitled to equal constitutional protection.

It is true that the legislature has not seen fit to require a bond in all civil litigation. But I do not find the classification unreasonable. When it is considered that the State may not be sued at all without the legislature's consent, it is within the reasonable exercise of the legislative judgment to require that when such suits are brought, security should be given for costs. Such provision protects the public coffers against the expense of defending invalid claims, and this is a matter in which the legislature, as guardian of the public funds, has a special interest and duty.

It is undoubtedly true that the burden of paying the successful defendant's costs is less onerous for some plaintiffs than for others, but the duty is there in every case. It is a burden which naturally attends litigation, and the courts may not relieve a plaintiff of this responsibility without denying equal justice to the defendant.

While the courts are within their powers in waiving their own fees and, in a proper case, a cost bond provided by court rule, they exceed those powers when they waive those charges (either directly or in the guise of a constitutional holding) on behalf of another branch of government.

812

I would affirm the trial court.

BRACHTENBACH, HICKS, and WILLIAMS, JJ., concur with ROSELLINI, J.

Reconsideration denied December 12, 1979.