498 So.2d 365 (1986)
Dorothy S. NELSON
v.
BANK OF MISSISSIPPI and Oliver J. Nelson and
Honorable Fred P. Wright, Chancery Judge, Howard Moon, Chancery Clerk of Monroe County, Mississippi, and Ms. Sandra Torrent, Official Court Reporter.
Misc. No. 2086.
Supreme Court of Mississippi.
November 12, 1986.
Gary L. Geeslin, Columbus, for appellant.
Michael Malski, Carnathan, Malski & Ford, Amory, James Patrick Caldwell, Riley, Weir & Caldwell, Tupelo, for appellee.
En Banc.
ROY NOBLE LEE, Presiding Justice, for the Court:
This matter is before the Court upon the petition of Dorothy S. Nelson for writ of certiorari, writ of mandamus or other relief. The question presented is whether an indigent civil litigant may appeal to this Court and proceed in forma pauperis.
The case was initiated by Dorothy S. Nelson in the Chancery Court of Monroe County, Mississippi, seeking to set aside a deed given to Oliver Nelson on grounds of fraud, inadequate consideration, constructive fraud and deceit. On February 4, 1986, the Chancery Court rendered an opinion deciding the matter adversely to Dorothy Nelson and on February 14, 1986, final judgment was entered thereon dismissing Nelson's suit.
Dorothy S. Nelson has perfected an appeal to this Court from the adverse judgment below and appears to have complied with all aspects of Miss.Sup.Ct.Rule 48 except that she has not prepaid an estimate of the costs. Instead, Nelson filed with the Chancery Court of Monroe County an application for leave to proceed in forma pauperis. That application was denied by order of the Chancery Court entered March 19, 1986. She then filed the instant petition.
Mississippi Code Annotated § 11-53-17 (1972) provides that persons who are truly indigent may proceed in civil actions as paupers. See also Rule 3(c), Miss.R.Civ.P. We have held that this statute authorizes in forma pauperis proceeding in civil cases at the trial level only. Life and Casualty *366 Ins. Co. v. Walters, 190 Miss. 761, 772-774, 200 So. 732, 733-34 (1941).
Petitioner Nelson contends that Miss. Sup.Ct.Rule 48, effective January 1, 1984, gives her a right to proceed in forma pauperis in a civil case. Rule 48(i) sets out the procedure for in forma pauperis appeals where such appeals are otherwise authorized by law. Nothing in Rule 48 creates any right to appeal in forma pauperis beyond those rights existing on other grounds.
We have considered the question of whether there is a constitutionally-based right to appeal in forma pauperis in a civil action. We do not find that the Supreme Court of the United States has ever expressly recognized any such right. The closest case in point [Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973)] held that an Oregon welfare recipient had no federal constitutional right to appeal a denial of welfare benefits to the Oregon Court of Appeals without prepayment of the prescribed court filing fee.
The petition of Dorothy S. Nelson for writ of certiorari, for writ of mandamus, or other relief shall be, and the same is hereby denied; provided, however, that the said Dorothy S. Nelson shall have fifteen (15) days from the date of the release of this opinion within which to finally perfect her appeal by prepayment of the costs of preparation of the record on appeal as required by Miss.Sup.Ct.Rule 48(h).
PETITION FOR WRIT OF CERTIORARI, WRIT OF MANDAMUS, OR OTHER RELIEF DENIED.
WALKER, C.J., and DAN M. LEE, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ., dissent.
PRATHER, J., not participating.
ROBERTSON, Justice, dissenting:
Today's decision denies civil litigants who by reason of genuine poverty cannot pay the freight access to this Court. It is a decision which implicitly defines a constitutional right by reference to notions of practicability and cost to the state, eschewing reference to principles firmly embedded in federal and state bills of rights. That we do this in an era when the cost of litigation almost daily places access to the courts beyond the means of more and more of our citizens I find particularly anomalous.
The case at bar arises out of a property dispute between a husband and wife incident to the break-up of their marriage. Specifically at issue is a two acre tract of land in Monroe County occupied by the parties as their homestead, title to which has been held by them as joint tenants with right of survivorship. Dorothy S. Nelson contends that she has been defrauded of her interest in this property by her husband, Oliver J. Nelson, and by the Bank of Mississippi. The Chancery Court dismissed Dorothy Nelson's complaint and she desires to appeal to this Court.
Dorothy S. Nelson has filed a pauper's oath adequate in form and content by reference to what we require when indigent criminal defendants desire to appeal in forma pauperis. Her income consisting of $120.00 per month in aid to dependent children and Social Security benefits in the amount of $129.00 per month. With these sums and food stamps, Dorothy Nelson supports herself and her three children, providing them food, shelter, clothing and other essential items. She owns no property, real or personal, except for an old pickup truck delivered to her following her divorce in an inoperable condition. She has been out of work for over two years. We doubt anyone would contest the fact that Dorothy S. Nelson is genuinely indigent. Yet precisely because of that indigency she is this day denied effective access to this Court, in consequence of which, the loss of her interest in her longtime homestead becomes permanent.
Today's ruling, of course, has impact on thousands of persons other than Dorothy S. Nelson.
I agree that nothing in Rule 48 of the rules of this Court authorizes an appeal in forma pauperis. Rule 48(i) merely provides *367 certain procedural requisites for an in forma pauperis appeal where such an appeal is authorized by other law. I also recognize that Miss. Code Ann. § 11-53-17 (1972) has been held to authorize in forma pauperis proceedings in civil cases at the trial level only, although it has not been ever thus. Jackson County v. Meaut, 185 Miss. 235, 189 So. 819 (1939) held that this statute applied to appeals as well as trials. Two years later, however, Life & Casualty Insurance Co. v. Walters, 190 Miss. 761, 772-74, 200 So. 732, 733-34 (1941) was decided, holding that the statute authorizes proceedings in forma pauperis in civil cases only at the trial level. That view of the statute has not been disturbed since 1941.
The right of indigent persons to appeal in forma pauperis in civil cases is, in my view, mandated by at least two premises constitutional in nature. The first is the right to equal treatment, the proposition that there may be no invidious discrimination amongst identifiable classes of persons. This right has its federal constitutional source in the equal protection clause of the Fourteenth Amendment to the Constitution of the United States. It has been found implied in the due process clause of our state constitution. Miss. Const.Art. 3, § 14 (1890); Ballard v. Mississippi Cotton Oil Co., 81 Miss. 507, 34 So. 533 (1903); Genesco, Inc. v. J.C. Penney Co., 313 So.2d 20 (Miss. 1975). There is, of course, no constitutional right of appeal. However, once the right of appeal is granted to persons generally and civil litigants specifically, no class, i.e., poor persons, may be arbitrarily denied that right. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956).
The second premise is that, absent a countervailing state interest of overriding significance, a person may not be denied access to the court solely because of inability to pay. This premise is based upon the due process clause of the Fourteenth Amendment to the Constitution of the United States as well as the similar clause of the constitution of this state. Miss. Const. Art. 3, § 14 (1890). It received its most prominent recognition in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) where the Supreme Court invalidated, as applied to indigent plaintiffs, a state requirement that filing and service of process fees be paid as a condition precedent to the maintenance of a divorce action. Where would be litigants are denied access to the only court empowered to hear their appeal, the practical conclusion is inescapable that the judgment below becomes final, not by virtue of reason adjudication in this Court, but because the appellant is poor. This, in my view, denies the indigent civil litigant what the Boddie court has characterized as "that process which, in the light of the values of a free society, can be characterized as due." Boddie v. Connecticut, 401 U.S. at 380, 91 S.Ct. at 787.
No doubt one consideration motivating today's majority is the fear of a flood of frivolous appeals. Several of our sister states, however, have authorized appeals in forma pauperis in civil cases, while attempting to maintain tight controls over the determination of indigency as well as the problem of frivolous appeals. See, e.g., Sheffield v. State, 92 Wash.2d 807, 601 P.2d 163 (1979); Offutt v. Sheehan, 344 N.E.2d 92, 99-101 (Ind. App. 1976); Silvestro v. Almonte, 484 A.2d 900 (R.I. 1984). I would have no problem with our attempting to employ practical mechanisms such as those found in those states.
I would grant the present application and allow Dorothy S. Nelson to proceed in forma pauperis.
HAWKINS, P.J., and SULLIVAN, J., join in this opinion.
PRATHER, J., not participating.