623 So.2d 265 (1993)
Alexander JOHNSON
v.
STATE of Mississippi.
No. 93-TS-0232.
Supreme Court of Mississippi.
August 19, 1993.
*266 Alexander Johnson, pro se.
Michael C. Moore, Atty. Gen., Jackson, for respondent.
En Banc.
PRATHER, Presiding Justice, for the Court:

ON MOTION FOR APPEAL

IN FORMA PAUPERIS
This appeal arises from a denial of a petition for post-conviction relief in the Circuit Court of Washington County. Upon denial, Alexander Johnson sought to appeal to this Court in forma pauperis, filing a motion to that effect in the circuit court. When that motion was denied, Johnson subsequently filed a similar motion with this Court. This Court finds that the case must be remanded to the circuit court for a determination of whether Johnson is indeed indigent.

I.
On April 24, 1972, Alexander Johnson pleaded guilty to two counts of rape and one count of assault with intent to kill in the Washington County Circuit Court. In 1990 Johnson filed a motion in the circuit court seeking relief under the Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. The motion was dismissed by order of the circuit court dated August 23, 1990. The circuit court found that the time for filing such a motion had expired in 1975, three years after the time for taking an appeal had expired.
In 1991 Johnson filed a petition for writ of habeas corpus in U.S. District Court for the Northern District of Mississippi. The district court dismissed Johnson's petition without prejudice, finding that Johnson had not exhausted his state remedies, i.e. the Uniform Post-Conviction Collateral Relief Act. The district court found that even though it appeared that Johnson's claim was time barred, an exception was provided when the petitioner could present "evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2). The district court noted such an allegation in Johnson's federal court pleadings.
On January 19, 1993, Johnson filed a Motion to Reconsider Order of Dismissal in the Washington County Circuit Court. In an order dated January 22, 1993, the trial court found that it had erred in its earlier order, and that Johnson's time for filing for post-conviction relief had not actually expired until April 1987. Even so the court found that Johnson's action, filed in 1990, was time barred, as Johnson had made no allegation which would bring his case within any exception to the three-year statute of limitations.
On February 5, 1993, Johnson filed his notice of appeal and his motion to proceed in forma pauperis in the trial court. By order dated February 24, 1993, the trial court concluded that Johnson was "not entitled to proceed in forma pauperis in this case, and his motion is denied." No reason was given for the trial court's action. On March 8, 1993, Johnson filed his Petition to Proceed With Appeal of Post Conviction Relief Denial In Forma Pauperis with this Court.

II.
It is well settled that an indigent civil litigant may not proceed in forma pauperis in an appeal to this Court. Nelson v. Bank of Mississippi, 498 So.2d 365 (Miss. 1986). Under the Post-Conviction Relief Act, the motion for relief "shall be filed as an original civil action in the trial court... ." Miss. Code Ann. § 99-39-7. However, this section must be construed in conjunction with Miss. Code Ann. § 99-39-25(1), which provides:
(1) A final judgment entered under this chapter may be reviewed by the supreme court of Mississippi on appeal brought either by the prisoner or the state on such terms and conditions as are provided for in criminal cases. (emphasis added).
Miss.Sup.Ct.R. 6(a)(3) provides for proceedings in forma pauperis criminal cases as follows:

Motion in the Supreme Court. If a motion for leave to proceed on appeal in *267 forma pauperis is denied by the trial court, the trial court clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in this Court within 30 days after service of notice of the action of the trial court. The motion shall be accompanied by a copy of the affidavit filed in the trial court, or by the affidavit prescribed by Rule 6(a)(1) if no affidavit has been filed in the trial court, and by a copy of the statement of reasons given by the trial court for its action.
This Court finds that Johnson filed with his motion in this Court a copy of the affidavit of poverty which was filed in the trial court and that he filed this motion to appeal in forma pauperis on March 8, 1993, within thirty days of the entry on February 24, 1993, of the trial court's order denying his motion to appeal in forma pauperis.
The trial court's order states that it "has reviewed this matter and concludes that Petitioner is not entitled to proceed in forma pauperis in this case, and his motion is denied." The order does not state whether the trial court denied the motion based its denial on Nelson v. Bank of Mississippi, or whether the trial court found that Alexander Johnson was not indigent, or based on some other reason. This Court holds that the rule espoused in Nelson has no application to appeals brought under § 99-39-25. The trial court's order is reversed, and this matter remanded to the Washington County Circuit Court for the limited purpose of determining whether Alexander Johnson is indigent and entitled to appeal in forma pauperis.
ORDER OF TRIAL COURT IS REVERSED AND REMANDED FOR PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
HAWKINS, C.J., and DAN M. LEE, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
McRAE, J., dissents without opinion.