637 So.2d 200 (1994)
Manuel MORENO, Appellant,
v.
STATE of Mississippi and J. Stewart Murphy, Appellees.
No. 93-TS-01055.
Supreme Court of Mississippi.
May 19, 1994.
Manuel Moreno, pro se.
No response filed for respondent.
En Banc.
*201 PRATHER, Presiding Justice, for the Court:
This matter is before the Court on Moreno's pro se motion to appeal in forma pauperis. For the reasons stated in this opinion, we deny Moreno's motion to appeal in forma pauperis and dismiss this case with prejudice pursuant to Miss.Sup.Ct.R. 2(a)(2).
The Circuit Court of the Fourth Judicial District of Sunflower County, Mississippi, entered an order on August 30, 1993, dismissing Moreno's civil action challenging an interpretation of a policy change adopted by the Mississippi State Parole Board. Thereafter, Moreno filed in the trial court his pro se motion to appeal in forma pauperis to this Court. The trial court entered an order on September 20, 1993, denying Moreno's motion to appeal in forma pauperis. Moreno timely filed his pro se notice of appeal in the trial court.
After Moreno's notice of appeal was received by this Court, no other action was taken by Moreno. Accordingly, the Clerk of this Court wrote Moreno a letter dated September 22, 1993, notifying him that the appeal costs should be paid and the Certificate of Compliance, required by Miss.Sup.Ct.R.11(b)(1), should be filed with the trial court clerk and served on the court reporter.
The Clerk wrote the letter dated September 22, 1993, pursuant to Miss.Sup.Ct.R.2(a)(2) which states as follows:
(2) Discretionary Dismissal. An appeal may be dismissed upon motion of a party or on this Court's own motion (A) when this Court determines that there is an obvious failure to prosecute an appeal; or (B) when a party fails to comply substantially with these rules. When this Court, on its own motion or on motion of a party, determines that dismissal may be warranted under this Rule (2)(a)(2), the clerk of this Court shall give written notice to the party in default, apprising the party of the nature of the deficiency. If the party in default fails to correct the deficiency within 14 days after notification, this Court may dismiss the appeal. The attorney for the party in default has the burden to correct promptly any deficiency or to see that the default is corrected by the appropriate official.
Moreno failed to correct the deficiency by paying the appeal costs and, thereafter this Court, on October 26, 1993, ordered Moreno to show cause why his appeal should not be dismissed for failure to substantially comply with the Rules of the Mississippi Supreme Court. Moreno's response to the show cause order included a motion for leave of Court to appeal in forma pauperis. Moreno argues that he is not required to pay the appeal costs because he contends Miss. Code Ann. § 47-5-76 (1993) requires the Mississippi Department of Corrections to pay such costs:
Department of Corrections to pay court costs for inmate filing pauper's affidavit in civil action against Department employee pertaining to condition of confinement.
If an inmate plaintiff files a pauper's affidavit in a civil action and the defendant is an employee of the department and the civil action pertains to the inmate's condition of confinement, the department shall pay, out of any funds available for such purpose, all costs of court assessed against such inmate in such civil action.
The above statute is the only authority which Moreno cites in support of his argument that he is not required to pay the appeal costs. Moreno's appeal raises a point of first impression concerning the interpretation of Miss. Code Ann. § 47-5-76 (1993). After a thorough consideration of this issue, we hold that Miss. Code Ann. § 47-5-76 (1993) applies only to a trial and not to an appeal to this Court.
This Court has stated the following rule of statutory interpretation:
In considering a statute passed by the legislature,... the first question a court should decide is whether the statute is ambiguous. If it is not ambiguous, the court should simply apply the statute according to its plain meaning and should not use principles of statutory construction. Pinkton v. State, 481 So.2d 306 (Miss. 1985); MISS CAL 204, LTD. v. Upchurch, 465 So.2d 326 (Miss. 1985); Mississippi Power Company v. Jones, 369 So.2d 1381 (Miss. 1979).
*202 City of Natchez, Miss. v. Sullivan, 612 So.2d 1087, 1089 (Miss. 1992).
We hold that Miss. Code Ann. § 47-5-76 (1993), by its terms, limits the Mississippi Department of Corrections' responsibility to pay for inmate suits pertaining to conditions of confinement to actions in a trial court. The terms "plaintiff" and "defendant" are legal terms of art which are commonly understood to describe the parties to a civil suit in the trial of the action. In the same way, the term, "costs of court assessed," is commonly used in reference to the costs which a trial court may assess to the losing party. Had the legislature chosen, it could have extended the Mississippi Department of Corrections' responsibility to pay costs of appeal incurred by an appellant inmate, but Miss. Code Ann. § 47-5-76 (1993) does not so provide.
In summary, we are of the opinion that Miss. Code Ann. § 47-5-76 (1993) is unambiguous and that its plain meaning allows an inmate plaintiff only to proceed in forma pauperis at the trial level, if all of the statutory requirements are met, but not at the appellate level.
We turn now to the question of whether Moreno is entitled by means other than Miss. Code Ann. § 47-5-76 (1993) to appeal to this Court in forma pauperis. This Court has stated that any right to proceed in forma pauperis in other than a criminal case exists only at the trial level. Nelson v. Bank of Mississippi, 498 So.2d 365 (Miss. 1986); Life and Cas. Ins. Co. v. Walters, 190 Miss. 761, 200 So. 732 (1941). Miss. Code Ann. § 11-53-17 (Supp. 1993), states in part as follows:
A citizen may commence any civil action, or answer a rule for security for costs in any court without being required to prepay fees or give security for costs, before or after commencing suit, by taking and subscribing the following affidavit: ... .
In Nelson v. Bank of Mississippi, 498 So.2d 365 (Miss. 1986), this Court stated that while Miss. Code Ann. § 11-53-17 (Supp. 1993) "provides that persons who are truly indigent may proceed in civil actions as paupers ... this statute authorizes in forma pauperis proceedings in civil cases at the trial level only." Id. at 365. In Life & Cas. Ins. Co. v. Walters, 190 Miss 761, 774, 200 So. 732 (1940), this Court stated "that the statute dealing with suits in forma pauperis applies only to courts of original jurisdiction, and not to courts of appeal."
In Nelson this Court stated:
We have considered the question of whether there is a constitutionally-based right to appeal in forma pauperis in a civil action. We do not find that the Supreme Court of the United States has ever expressly recognized any such right. The closest case in point [Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973)] held that an Oregon welfare recipient had no federal constitutional right to appeal a denial of welfare benefits to the Oregon Court of Appeals without prepayment of the prescribed court filing fee.
Id. at 366.
The only exception to the Nelson rule is an action for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1 et seq. (Supp. 1993). Johnson v. State, 623 So.2d 265 (Miss. 1993). Moreno's appeal involves a purely civil matter; it is not a criminal case and is not an action filed under the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-1 et seq. (Supp. 1993).
For the above reasons, we deny Moreno's motion to appeal in forma pauperis and dismiss the appeal.
HAWKINS, C.J., DAN M. LEE, P.J., and PITTMAN, JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
BANKS. J., dissents with separate written opinion joined by SULLIVAN and McRAE, JJ.
BANKS, Justice, dissenting:
In my view Life and Casualty Insurance Co. v. Walters, 190 Miss. 761, 200 So. 732 (1941), was wrongly decided. It follows that I would hold that § 47-5-76 provides for the payment of costs for an appeal to this Court. I see no justification for truncating the rights *203 of the poor to full redress for grievances on an equal basis with those more fortunate. Our constitution provides that "every person for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial, or delay." Miss. Const. art. 3, § 24. This section has been interpreted to embody the principles of equal protection of law. See e.g. State v. McPhail, 182 Miss. 360, 180 So. 387 (1938).
It is especially important that those who are incarcerated, and for that reason lack the ability to secure the necessary funds to pursue their rights, should be afforded every opportunity to seek redress for those rights in the ordinary civilized manner provided by our judicial system.
Accordingly, I dissent.
SULLIVAN and McRAE, JJ., join this dissent.