THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00672-SCT

*LYNWOOD McGHEE*

*v.*

*RAYMOND ROBERTS, SUPERINTENDENT OF MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND JOAN ROSS, DIRECTOR OF MISSISSIPPI DEPARTMENT OF CORRECTIONS DISCIPLINARY DEPARTMENT*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JANE LANIER MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/20/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/11/97 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

Lynwood McGhee is an inmate legally incarcerated within the Mississippi Department of Corrections ("MDOC"). On April 25, 1996, McGee filed a Petition for Order to Show Cause in the Circuit Court of Sunflower County against Raymond Roberts, then Superintendent of the Mississippi State Penitentiary at Parchman, Mississippi, and Joan Ross, Director of the MDOC Disciplinary Department, claiming his constitutional right to due process was violated when he had a rules violation report ("RVR") heard by a disciplinary committee more than ten working days after the

issuance of the RVR. MDOC policies and procedures indicate that a hearing will be held by the Disciplinary Department within ten working days after receiving an RVR, unless extenuating circumstances cause a delay. The Honorable Gray Evans dismissed McGhee's petition, finding that sufficient extenuating circumstances existed to support the delay of McGhee's RVR hearing. The lower court treated McGhee's Petition for Order to Show Cause as a post-conviction relief motion. Furthermore, the lower court found McGhee to be an indigent and allowed him to appeal to this Court *in forma pauperis*.

## STATEMENT OF THE FACTS

On November 14, 1995, while legally incarcerated within MDOC and housed at the Central Mississippi Correctional Facility (hereinafter "CMCF"), Lynwood McGhee was found in possession of marijuana and was given an RVR. The marijuana found on McGhee was sent to the Mississippi Crime Laboratory for testing. The crime laboratory results were not received by the disciplinary chairperson at the CMCF until December 27, 1995. However, McGhee had been transferred to the Mississippi State Penitentiary at Parchman. Subsequently, McGhee's RVR and test results from the crime laboratory on the marijuana were forwarded to Parchman where they were received on January 8, 1996. McGhee's RVR hearing was then heard on January 18, 1996, eight working days after the RVR was received by the Disciplinary Department at Parchman and approximately two months after the RVR was issued. McGhee was found guilty on the RVR and his custody classification was reduced to C-custody (close confinement).

## STATEMENT OF THE ISSUE

**I. WHETHER THE APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS WHEN THE HEARING ON HIS RULES VIOLATION REPORT WAS NOT HEARD WITHIN TEN (10) WORKING DAYS.**

## ANALYSIS

In the case *sub judice*, this Court finds that no constitutional rights have been violated and that inmates should not be allowed to appeal to this Court *in forma pauperis* on matters such as this.

McGhee "does not argue the guilty [sic] or the punishment imposed by the Disciplinary Committee." McGhee asserts that his only real argument is that he was denied due process by not having his hearing within ten days, as stated in the MDOC's policy. This argument is completely without merit and the case *sub judice* is affirmed for the following reasons.

The State cites ***Sandin v. Conner*** for the position that McGhee has not stated a claim which implicates the due process clause or any other constitutional protection. Quoting ***Sandin***, the State asserts that:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2300 (1995) (citations omitted); *Manley v. Fordice*, 945 F.Supp. 132, 138 (S.D. Miss. 1996). The State's argument that there was no due process violation in the case *sub judice* when McGhee's disciplinary hearing was not held within ten days of the issuance of the RVR is persuasive. The State also argues that "[McGhee's] classification fell within the parameters of the sentence imposed by a court of law and did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." Furthermore, this Court is of the opinion that due to extenuating circumstances, a delay in McGhee's hearing was to be expected.

This Court has previously held that "there is no liberty interest in an inmate's classification status" and that "[c]lassification is an administrative decision and no constitutional right . . . was violated . . . ." *Carson v. Hargett*, 689 So. 2d 753,755 (Miss. 1996). Therefore, this Court cannot find error in the fact that McGhee's classification was reduced to C-classification after he was found guilty on his RVR.

Finally, the lower court treated McGhee's Petition for Order to Show Cause as a post-conviction relief motion and, subsequently, allowed McGhee to appeal to this Court *in forma pauperis*. This decision by the lower court was in error. This Court held in *Moreno v. State*, 637 So. 2d 200 (Miss. 1994), that an inmate has no right to appeal *in forma pauperis* in any other than a criminal case or for an action for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1, et seq. *Moreno v. State*, 637 So. 2d at 202. Similar to this Court's opinion in *Irving v. Director of Classification: Ann Lee, et al.*, *supra*, an inmate's complaint regarding an RVR is not a criminal matter and does not meet the dictates of the post-conviction relief statute, particularly Miss. Code Ann. § 99-39-5(1). Therefore, McGhee and other inmates filing similar actions should not be allowed to appeal to this Court *in forma pauperis*.

## CONCLUSION

McGhee does not dispute his guilt or the punishment he received from the Disciplinary Committee for his RVR. His only contention is that he was denied due process for not having his hearing within ten days of the issuance of his RVR. In accordance with MDOC Rules, there is no liberty interest in an inmate having a RVR hearing within ten days of the issuance of the RVR, especially where extenuating circumstances, such as those here, exist. The decision of the lower court is affirmed as to its dismissal of McGhee's petition; however, the Court notes that the lower court was in error in allowing McGhee to proceed to this Court *in forma pauperis*.

**AFFIRMED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY.**