## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-CA-00708-SCT

*JOHN IRVING, III*

*v.*

*DIRECTOR OF CLASSIFICATION: ANN LEE AND*
*SUPERINTENDENT OF MISSISSIPPI STATE*
*PENITENTIARY AND SUCCESSORS IN OFFICE:*
*RAYMOND ROBERTS*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/05/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEES: | JAMES M. NORRIS |
| | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JANE LANIER MAPP |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 11/20/97 |
| MOTION FOR REHEARING FILED: 1/7/1998 | |
| MANDATE ISSUED: | 4/8/98 |

**BEFORE DAN LEE, C.J., PITTMAN AND MILLS, JJ.**

**PITTMAN, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

John B. Irving, III, is an inmate incarcerated within the Mississippi Department of Corrections (hereinafter "MDOC") at the Mississippi State Penitentiary located at Parchman, Mississippi. On May 20, 1996, Irving filed a Petition for Writ of Habeas Corpus in the Circuit Court of Sunflower County, Mississippi, against Ann Lee, Director of Classification, and Raymond Roberts, then Superintendent of the Mississippi State Penitentiary, and his successor in office. This petition was treated as a

petition for Post-Conviction Relief and was subsequently denied by the Honorable Gray Evans on June 5, 1996. Irving then filed a Notice of Appeal to this Court and the lower court granted him leave to proceed *in forma pauperis*.

## STATEMENT OF THE FACTS

Irving was convicted of capital murder and sentenced to death on November 11, 1976, in the Circuit Court of Pontotoc County, Mississippi. Subsequently, this sentence was reversed and Irving was again sentenced to death on November 13, 1981. That sentence was also reversed and Irving was eventually sentenced to life imprisonment on October 6, 1995. After this sentence, Irving was taken from the Pontotoc County Jail and returned to Parchman and placed back in Unit 32-C, a maximum security unit of close confinement used for observation prior to placement in the general population. Irving complains in his petition that after re-sentencing he should have first been sent through admissions processing at a reception and classification center. Irving further complains of the decision of the classification committee on November 2, 1995, that he remain in Unit 32-C.

Irving filed the proper grievance with MDOC's Administrative Remedies Program and was denied relief. Appellee, Ann Lee, Director of Offender Services, sent the following response to Irving's complaint:

> Careful review of your file reflects that you were re-sentenced from Death Row to life on 6 October 1995. According to your record you were initially classified from Death Row to Close Confinement on 2 November 1995. Sound classification [sic] practices dictate that those offenders re-sentenced from Death Row to life sentence receive an initial assignment of Close Confinement. In the instant case, the Classification Committee did so. In reference to your complaints against the sheriff of Pontotoc County Mississippi, this department has no control or jurisdiction over any sheriff of the State of Mississippi.

> In reference to your request to be transferred to the Central Mississippi Correctional Facility for admission, orientation and classification, that request is denied.

> I find that the Classification Committee acted appropriately in this case in assigning your Initial Classification of Close Confinement, due to your receiving a life sentence on 6 October 1995, which indicated the need for observation in a close, security correction facility prior to placement in the general prison population.

Subsequently, Irving filed his Petition for Writ of Habeas Corpus in the Circuit Court of Sunflower County and on June 5, 1996, the petition was summarily dismissed. It is from this denial that Irving appeals to this Court.

## STATEMENT OF THE ISSUES

**I. WHETHER THE TRIAL COURT ERRED IN SUMMARILY DISMISSING APPELLANT'S POST-CONVICTION PETITION.**

**II. WHETHER THE APPELLANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF LAW IN APPELLANT'S CLASSIFICATION AS AN INMATE.**

**III. WHETHER THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT AN EVIDENTIARY HEARING ON HIS CLAIMS RAISED IN THE POST-CONVICTION RELIEF PETITION.**

## ANALYSIS

This Court finds that none of the Appellant's claims have merit in light of this Court's decision in *Carson v. Hargett*, 689 So. 2d 753 (Miss. 1996). In that case, this Court held that "there is no liberty interest in an inmate's classification status, any future challenges to such status should not come to this Court by way of the writ of habeas corpus." *Carson*, 689 So. 2d at 755. This Court also held that "[c]lassification is an administrative decision and no constitutional right . . . was violated; therefore, the lower court correctly ruled that it had no jurisdiction." *Id.* The Circuit Court of Sunflower County properly denied Irving's petition for writ of habeas corpus, but also could and should have ruled that it had no jurisdiction over this purely administrative decision.

The lower court allowed Irving to proceed to this Court *in forma pauperis*. The State argues that the lower court was in error when it allowed Irving to do this. In support of its position, the State cites *Moreno v. State*, 637 So. 2d 200 (Miss. 1994), where this Court held that an inmate has no right to appeal *in forma pauperis* in any other than a criminal case or an action for post-conviction relief pursuant to Miss. Code Ann. § 99-39-1, et seq. *Moreno*, 637 So. 2d at 202; *see also Nelson v. Bank of Mississippi,* 498 So. 2d 365 (Miss. 1986); *Johnson v. State,* 623 So. 2d 265 (Miss. 1993). The Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. § 99-39-5(1), provides the following grounds for relief:

(1) Any prisoner in custody under sentence of a court of record of the State of Mississippi who claims:

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;

(d) That the sentence exceeds the maximum authorized by law;

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(f) That his plea was made involuntarily;

(g) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(h) That he is entitled to an out-of-time appeal; or

(i) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion,

petition, proceeding or remedy; may file a motion to vacate, set aside or correct the judgment or sentence, or for an out-of-time appeal.

The State argues that since an inmate's complaint regarding custody classification is not a criminal matter and does not fall under one of the above enumerated grounds for relief, Irving and other inmates filing similar actions, should not be allowed to proceed on appeal to this Court *in forma pauperis*. Irving states in his reply brief that his petition does fall under the Post-Conviction Relief Act under Miss. Code Ann. § 99-39-5(1)(g), which provides in pertinent part "or he is otherwise unlawfully held in custody." This argument is unpersuasive and the State is correct in its assertion that Irving and similarly situated inmates should not be allowed to proceed to this Court *in forma pauperis* on custody classification matters.

The lower court should be affirmed in its denial of Irving's Petition for Writ of Habeas Corpus, but the lower court should also have found that it had no jurisdiction over this purely administrative matter. Further, the lower court should not in the future allow inmates to proceed *in forma pauperis* to this Court on custody classification matters.

**AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., McRAE, SMITH AND MILLS, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY. ROBERTS, J., NOT PARTICIPATING.**