GRIFFIS, J.,
for the Court.
¶ 1. J.C. and S.C. (the Carrolls) brought suit, pro se, against attorney William F. Schneller, L.Y. and R.Y. (the Youngs), and attorney Kay B. Cobb in the Circuit Court of Marshall County.[1] The circuit court granted summary judgment in favor of Schneller, the Youngs, and Cobb. The Car-rolls filed their notice of appeal and subsequently filed a motion to appeal in forma pauperis. The circuit court denied the Carrolls’ motion to proceed in forma pau-peris. Aggrieved, the Carrolls appeal.
FACTS
¶ 2. After filing the notice of appeal, the Carrolls did not pay the costs of preparing the record. See M.R.A.P. 11(b). Therefore, the record before this Court is incomplete. Consequently, the facts are taken primarily from the parties’ briefs.
¶ 3. This claim has its genesis in chancery court. In fact, the controversy resulted from orders terminating the Car-rolls’ parental rights that were entered by the Chancery Court of Marshall County. The Carrolls adopted Katherine, with the natural parents’ consent, shortly after the child was born. Because of an unnamed medical condition, the Carrolls allowed Katherine to stay with the Youngs.
¶ 4. Shortly thereafter, the Department of Human Services was notified that Katherine was in the Youngs’ custody. The Carrolls and Youngs contacted the Mississippi Department of Human Services to resolve any concern or potential problem. A DHS representative advised them to have temporary custody papers prepared.
¶ 5. The Carrolls and Youngs contacted Schneller. However, according to the Car-rolls, they told Schneller that they would not allow the Youngs to adopt Katherine.
¶ 6. The Youngs filed the necessary pleadings to adopt Katherine, with Schnel-ler acting as Katherine’s next friend. On *458 June 3, 1996, the chancellor granted an adoption of Katherine to the Youngs. The Carrolls complain that they were neither summoned nor made party to the hearing.
¶ 7. To overturn the adoption, the Car-rolls claim that they retained an attorney, Kay B. Cobb, to represent them. In October of 1997, Cobb filed a motion to overturn the adoption. Thereafter, Cobb withdrew from the case.
¶ 8. On February 9, 1998 the chancellor denied the Carrolls’ motion to overturn the adoption. No appeal was taken from this order. The Carrolls then filed, on June 8, 1999, a petition to declare the adoption void on the basis that the chancellor failed to appoint a guardian ad litem. The chancellor denied the petition and found that the doctrine of res judicata barred the Carrolls from once again attacking the adoption’s validity. The Carrolls appealed to the Mississippi Supreme Court. The supreme court affirmed the chancellor’s judgment holding that because the Car-rolls failed to appeal the adoption decree or the February 9, 1998 order, they had no standing to collaterally attack the adoption. J.C., S.C., Individually, and as Next of Friend of K.C. v. In re Adoption of the Minor Child Named Herein: R.Y. and L.Y., 797 So.2d 209, 212(¶8) (Miss.2001).
¶ 9. On October 12, 2001, the Carrolls filed a complaint in chancery court and alleged that, their civil rights were violated. The chancellor dismissed their complaint for lack of subject matter jurisdiction.
¶ 10. On January 14, 2002, the Carrolls refiled, in the Marshall County Circuit Court, their objections to the termination of parental rights and the adoption that they had previously filed in the chancery court. As previously discussed, due to the incompleteness of the record, we are not able to determine precisely what objections the Carrolls asserted or what other relief they sought in the circuit court.
¶ 11. On appeal, the Carrolls claim that they lack the financial resources and means to pay the $1,900 in estimated costs to prepare the record. The Carrolls claim that the issues they raised before the circuit court, and presumably in the chancery court as well, were (1) that the adoption is void because Katherine’s parents did not consent to it, (2) that the chancellor did not have the right to take the Youngs’ statements as true, (3) that the chancellor gave equal protection and due process to the Youngs but not to them, (4) that the chancery court did not have the right to prevent the Carrolls from appealing because they were not lawyers and would not give them a copy of the order so that they could appeal, (5) that the circuit court did not have the right to tell them that they could not appeal and, thus, denied them the “right to protect their rights,” (6) that the chancery court improperly terminated their rights, (7) that the record did not establish that the adoptions were in the child’s best interest, (8) that their rights to equal protection and due process were violated, and (9) that the record established the Youngs’ fraud on the court.
¶ 12. The only issue properly before this Court, however, is whether there exists a right to appeal in forma pauperis from the circuit court judgment. We find there is no such right and affirm.
ANALYSIS
¶ 13. There is no right to appeal in forma pauperis in a civil action, unless a fundamental right is at issue. Nelson v. Bank of Mississippi, 498 So.2d 365, 366 (Miss.1986). This rule of law is well settled.
¶ 14. Nevertheless, the United States Supreme Court found that Mississippi’s denial of in forma pauperis status to indigent parents, in parental right termination cases, violated due process and equal pro *459 tection rights secured under the Fourteenth Amendment to the United States Constitution. M.L.B. v. S.L.J., 519 U.S. 102, 128, 117 S.Ct. 555, 136 L.Ed.2d 473 (1996).
¶ 15. In the circuit court action, the Carrolls assert that their counsel failed to timely appeal the chancery court’s judgment of adoption. Although it appears that the Carrolls were not represented in proceedings where their parental rights were terminated, the record before this Court does not indicate that the Carrolls sought to appeal, in forma pauperis, from the chancery court decision on adoption, ie., that terminated their parental rights. Given the fundamental right at issue in a termination of parental rights matter, this Court would expect that leave for an out of time appeal, and in forma pauperis status, would have been liberally granted in any action that could terminate parental rights.
¶ 16. However, the sole issue before us is whether the Carrolls have a right to appeal, in forma pauperis, the circuit court’s judgment. Since the circuit court did not decide, and could not have decided, to terminate the Carrolls’ parental rights, the Carrolls’ attempt to use the circuit court to resurrect a previously adjudicated matter by attempting to craft a new right of in forma pauperis appeal is without merit.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES and SOUTHWICK, P.JJ., LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.

. The procedural history of this case involves the adoption of a minor child. Therefore, in an attempt to preserve the anonymity of the child we have removed both sets of adoptive parents’ names from the style of the case. Instead of referring to the parties by initials, we refer to them by fictitious names in order to avoid confusion. J.C. and S.C. will be referred to as "the Carrolls”; L:Y. and R.Y. will be referred to as "the Youngs”; and K.C., the minor child involved, will be referred to as "Katherine”.