GRIFFIS, J., for the Court:
 

 ¶ 1. Ruben Pinson appeals the circuit court’s dismissal of his lawsuit for want of prosecution. We find no error and affirm.
 

 FACTS
 

 ¶ 2. On July 30, 2007, Pinson, an inmate at the East Mississippi Correctional Facility (“EMCF”), filed a motion in the circuit court entitled “Motion for an Order to Show Cause and Temporary Restraining Order.” In that motion, Pinson claimed that the defendants — various EMCF employees and Faye Noel, Compliance Officer for the Mississippi Department of Corrections — had violated his constitutional rights by not allowing Pinson to call witnesses at a disciplinary hearing.
 

 ¶ 3. Noel filed a response on August 29, 2007. The remaining defendants filed their answer to the motion on September 10, 2007. On October 12, 2007, Pinson filed a pleading entitled “Traverse to Respondents Response.”
 

 ¶4. No other action was taken in the case until March 30, 2009, when the circuit clerk filed a motion to dismiss for want of prosecution because there had been no action of record during the preceding twelve months. The motion stated that the case would be dismissed unless, within thirty days, an action of record was taken or written application was made showing good cause as to why the case should not be dismissed. Pinson failed to respond to the motion. On April 29, 2009, the circuit court dismissed the case without prejudice for want of prosecution.
 

 STANDARD OF REVIEW
 

 ¶ 5. The circuit court has the inherent power to dismiss an action for the failure to prosecute.
 
 Stuart v. Pub. Employees’ Ret. Sys.,
 
 799 So.2d 886, 888 (¶ 8)
 
 *652
 
 (Miss.Ct.App.2001) (citations omitted). The decision to grant or deny a motion to dismiss under Mississippi Rule of Civil Procedure 41(b) will not be reversed absent an abuse of discretion by the circuit court.
 
 Cox v. Cox,
 
 976 So.2d 869, 874 (¶ 11) (Miss.2008).
 

 ANALYSIS
 

 ¶6. Rule 41(d)(1) of the Mississippi Rules of Civil Procedure states the following:
 

 In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.
 

 Thus, in order for the circuit court to maintain the orderly control of its docket, the circuit clerk is obligated to move for dismissal of a case when no action of record has been taken during the preceding twelve months. Here, the circuit clerk followed Rule 41(d) because no action had been taken between October 12, 2007, and March 30, 2009.
 

 ¶ 7. The majority of Pinson’s brief on appeal addresses the merits of his claim that EMCF employees violated his constitutional rights when he was not allowed to call witnesses during a discipline hearing within the MDOC. However, our review is limited to whether the circuit court abused its discretion in dismissing the case for want of prosecution. Pinson’s only argument related to this issue is that the prison mailbox rule allowed him to file a response to the clerk’s motion to dismiss as late as April 29, 2009. While this may be true, Pinson made no such filing. The prison mailbox rule notwithstanding, Pinson failed to respond to the clerk’s motion in any way.
 

 ¶8. Rule 41(d) allowed Pinson thirty days in which to respond to the circuit clerk’s motion to dismiss. He had the opportunity to take action of record or show good cause as to why his claim should not be dismissed. Because he failed to respond, the circuit court dismissed the case without prejudice. We find no abuse of discretion on the part of the circuit court. Accordingly, this issue has no merit.
 

 ¶ 9. We note that the circuit judge granted Pinson’s application to proceed on appeal in forma pauperis. However, this appeal is from a civil action filed by Pin-son. The supreme court has held that “the right to appear in forma pauperis in a civil matter exists at the trial level only.”
 
 Ivy v. Merchant,
 
 666 So.2d 445, 450 (Miss.1995) (citing
 
 Moreno v. State,
 
 637 So.2d 200, 202 (Miss.1994) and
 
 Nelson v. Bank of Miss.,
 
 498 So.2d 365 (Miss.1986)). Thus, Pinson was not entitled to appeal to this Court in forma pauperis, and he is assessed the costs of this appeal.
 

 ¶10. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.