666 So.2d 445 (1995)
Arthur Lee IVY
v.
K.D. MERCHANT and J.M. Whaley.
No. 92-CA-01091-SCT.
Supreme Court of Mississippi.
November 30, 1995.
*447 Arthur Lee Ivy, Parchman, Pro Se.
William E. Ready, Ready & Associates, Meridian, for Appellees.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

SUMMARY OF THE CASE
Appellant, Arthur Lee Ivy, is an inmate at the Mississippi State Penitentiary. On October 23, 1991, he, through an inmate legal assistant, filed a Petition for Writ of Replevin in the circuit court seeking possession of specified items the Appellees/officers seized from his home and also alleging constitutional rights violations. The trial court granted summary judgment for the officers finding that Ivy could not prove essential elements of the replevin claim and also ruling that the doctrines of res judicata and collateral estoppel barred Ivy from pursuing the constitutional violations. Subsequently, the trial court granted Ivy leave to appeal to this Court in forma pauperis but imposed an equitable lien on the items in his petition to cover the expenses of the appeal.
Finding that Ivy failed to prove all of the essential elements in his replevin claim and that the United States District Court for the Southern District of Mississippi has ruled on the constitutional claims asserted, we affirm the grant of summary judgment. However, we reverse and render as to the order granting Ivy leave to appeal in forma pauperis, as we have held that in forma pauperis proceedings in civil cases exist at the trial level only, and affirm the imposition of the equitable lien to pay the costs of this appeal. Nelson v. Bank of Mississippi, 498 So.2d 365 (Miss. 1986). In addition, we find Ivy and his legal assistant, Robert E. Tubwell, subject to Rule 38 sanctions as delineated in the Mississippi Rules of Appellate Procedure.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
The affidavits of Appellees, Officers K.D. Merchant and J.M. Whaley, revealed the following facts: On January 18, 1990, Merchant and Whaley, acting on a tip from confidential informants, arranged for an informant to attempt to purchase crack cocaine from Ivy. The officers were familiar with Ivy, having made numerous calls to his home in the past and having previously arrested him for narcotics' violations. The informant purchased $60 worth of crack from Ivy. Thereafter, based upon the information from the informant, the officers obtained warrants for the arrest of Ivy and for the search of his residence. Although they found no cocaine at Ivy's residence, the officers found and seized firearms, as well as numerous items not included in the search warrant. The evidence showed that a freezer filled with meat, food stamps worth $135, $60 in cash found in Ivy's pocket, and $836 in cash found in the home *448 were seized. The affidavits of Merchant and Whaley indicated that these items were seized based on the officers' knowledge of drug dealing and contraband.
In his answer to Ivy's interrogatories, Officer Merchant stated that Ivy's property was turned into the Meridian Police Department and remains there today. Furthermore, Merchant stated that he had none of the property in his possession. In addition, the officers noted (and the record supported) the fact that Ivy has never requested his property from the City of Meridian.
In his Petition for Writ of Replevin, Ivy set out the items seized from his home, the value of these items, and that these officers were the ones who seized said items. The petition also alleged that the items were illegally seized in violation of state and federal law.
The trial court granted summary judgment in favor of the officers ruling that Ivy did not meet his burden of producing admissible evidence as to a genuine issue of material fact as to each issue raised. Specifically, he failed to produce evidence that the officers were in possession of Ivy's property. In addition, the trial court found Ivy was precluded from raising the issues of constitutionality and legality of procedures taken by the doctrines of res judicata and collateral estoppel. The trial court then granted Ivy leave to appeal in forma pauperis to this Court but imposed an equitable lien on the items in the petition.
On November 4, 1992, Ivy filed a suit for damages arising out of this same cause. This action was dismissed with prejudice by the trial court on February 4, 1993. A motion to file an out of time appeal and proceed in forma pauperis in this matter was denied by this Court.
Prior to this suit, Ivy filed a Section 1983 action in federal court against the officers in the instant case, the City of Meridian, and the Meridian Police Department alleging a violation of his constitutional rights in connection with the above search and seizure. The District Court granted summary judgment to all of the defendants and, with regard to the officers in the instant case, held that they were entitled to qualified immunity in this action. Ivy v. City of Meridian, DN E90-0032 (S.D.Miss. 1990).
Ivy also filed with the District Court motions to vacate and motions to file an out of time appeal, all of which were denied by the District Court. The Fifth Circuit affirmed the District Court's decision. Ivy v. City of Meridian, 983 F.2d 1062 (5th Cir.1993).

DISCUSSION OF THE LAW

I.

Standard of Review
This Court reviews de novo a lower court's grant of summary judgment. Seymour v. Brunswick Corp., 655 So.2d 892, 895 (Miss. 1995); Short v. Columbus Rubber and Gasket Co., Inc., 535 So.2d 61, 63 (Miss. 1988). Rule 56(c) of the Mississippi Rules of Civil Procedure provides for summary judgment where there are no genuine issues of material fact such that the movant is entitled to judgment as a matter of law. When making this ruling, the Court's duty is to consider the affidavits and all other evidentiary matters such as depositions, admissions, interrogatories, etc. submitted on a Rule 56 Motion. Seymour, 655 So.2d at 894; Smith v. Sanders, 485 So.2d 1051, 1054 (Miss. 1986).
The movant carries the burden of demonstrating that no genuine issue of material fact exists. Short, 535 So.2d at 63-64. This burden is one of production and persuasion, not of proof. Brown v. McQuinn, 501 So.2d 1093, 1095 (Miss. 1986). However, if the nonmovant bears the burden of proof at trial on a claim and fails to establish an essential element, then all other facts are immaterial, and the movant is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Galloway v. Travelers Ins. Co., 515 So.2d 678, 683 (Miss. 1987).

Analysis
The officers argued that Ivy would have the burden at trial of producing facts to establish the allegations in his complaint: (1) description of the personalty; (2) value of each article and the total value of the articles; *449 (3) that Ivy is entitled to immediate possession of the property; (4) that the property is in the possession of the officers; and (5) that the officers wrongfully detain said property. Miss. Code Ann. § 11-37-101 (1972). They maintained that Ivy's pleadings of fact and affidavit provided no basis for an inference nor set forth any evidence that these officers wrongfully detain his property, an essential element under § 11-37-101. The record indicated that, by Officer Merchant's responses to Ivy's interrogatories, the personal property, lawfully and constitutionally seized by the police officers, is in the custody of the City of Meridian. Ivy argued that he submitted a well-pleaded complaint and his personal affidavit in opposition to the Motion for Summary Judgment. His affidavit stated that the officers confiscated his property, and it has not been returned to him. He maintained that the critical facts were as follows: (1) that his home and the place where his property was seized was located at 1213 33rd Avenue, Meridian, Mississippi, not 1301 33rd Avenue as stated in the search warrant; (2) that the officers have not come forward with the basis for removing the property; and (3) that if he failed to plead the evidence needed to apply the replevin statute, his pleadings should be held to less stringent standards, because he proceeds pro se. He argued that the trial court should have liberally construed his Petition for Writ of Replevin, and if replevin was not the proper remedy, the trial court should have treated it as a complaint for injunctive relief.
It is clear from the pleadings, affidavits, and interrogatories that Ivy does not meet his burden under § 11-37-101. He has not produced any fact that would indicate the officers are in possession of the property or that they wrongfully took the same, as required by the replevin statute. In fact, the officers' answers to Ivy's interrogatories and their affidavits indicated that the property is in the custody of the Meridian Police Department.
In his brief, Ivy argued that he should not be held to the standard of represented parties and that if replevin was not proper, the court should have fashioned a proper remedy. The Court has previously held that where a prisoner is proceeding pro se, we will take that into account and, in our discretion, credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted. Moore v. Ruth, 556 So.2d 1059, 1061 (Miss. 1990). For instance, in West v. Combs, 642 So.2d 917 (Miss. 1994), an inmate filed a petition for writ of replevin against a correctional officer at Parchman alleging intentional wrongdoing in loss of property following confiscation by prison officials. In Combs, the trial court found that although the action was entitled Petition for Writ of Replevin, the gist of the complaint was that Combs had surrendered property to the officer and he failed to return it. The trial court treated it as an action for wrongful conversion. This Court agreed with the trial judge stating "that a court looks to the content of pleading to determine the nature of the action." Id. at 920 (citing Pierce v. Chapman, 143 So. 845, 847 (Miss. 1932)). The trial court found that the officer intentionally took the property by filling out two property receipts when Combs surrendered the property and only filed one of them, thinking he would get away with it. Id.
In the instant case, there is no evidence that there was an intentional taking by the officers of Ivy's property. In fact, the evidence indicated that the officers lawfully confiscated the property and turned it over to the Meridian Police Department. This complaint cannot be fashioned into one for wrongful conversion or any other action. It is clearly an action for return of property which by Mississippi law must be done pursuant to § 11-37-101. The Court has held that "[p]ro se parties should be held to the same rules of procedure and substantive law as represented parties." Dethlefs v. Beau Maison Development Corp., 511 So.2d 112, 118 (Miss. 1987).
The requirements of a replevin action are enumerated in Miss. Code Ann. § 11-37-101. The trial court's construction of a tort on the basis of a possessory action contains basically the same vital elements of § 11-37-101. Although Ivy is a prisoner and proceeding pro se, he should be held to the same *450 substantive requirements as a represented person pursuing this cause of action. The law requires Ivy to set forth that his property is in the possession of the officers, and Ivy did not set out such proof. Therefore, he fails to meet an essential element of his claim, and the officers were entitled to judgment as a matter of law.
Ivy also alluded to a claim against the officers based on constitutional violations involving the seizure of his property. The trial court found Ivy precluded from pursuing the constitutional claims by the doctrines of res judicata and collateral estoppel, as the federal court had ruled on these matters. The United States District Court for the Southern District of Mississippi ruled that the evidence supported the officers' contention that they had an objectively reasonable belief the items they saw in plain view were subject to seizure because they constituted proceeds of illegal drug sales and were therefore forfeitable. Ivy v. City of Meridian, DN E90-0032 (S.D.Miss. 1990).
Ivy alleged that the warrant had the wrong house address and that there was no basis for the items in question to be seized. The District Court ruled that the officers were familiar with Ivy's residence, found him there, and searched the place intended to be searched, further stating the error was clerical.
The doctrine of res judicata bars a second action against the same defendant on the same underlying claim, including all grounds available to the plaintiff in the first action. DeFoe v. Great Southern Nat. Bank, N.A., 547 So.2d 786, 788 (Miss. 1989). In the instant action, Ivy again alleged the warrant was defective, and his property was illegally seized, as alleged in the federal action. The parties in the federal action and this action are the same. Arthur Ivy is the Plaintiff, and Merchant and Whaley are again the Defendants. The present action and the federal action arose out of the same occurrence. These facts invoke the four identities of res judicata:
(1) identity of the subject matter of the action;
(2) identity of the cause of action;
(3) identity of the parties to the cause of action; and
(4) identity of the quality or character of a person against whom the claim is made.
Dunaway v. W.H. Hopper & Associates, Inc., 422 So.2d 749, 751 (Miss. 1982). In addition, there is no jurisdictional impediment to the doctrine of res judicata. This Court is bound to give full faith and credit to judgments of the federal courts and our sister states. Reeves Royalty Co., Ltd. v. ANB Pump Truck Service, 513 So.2d 595, 598 (Miss. 1987); Mississippi State Bar v. Phillips, 385 So.2d 943, 945 (Miss. 1980). The trial court was correct in barring these constitutional claims under the doctrine of res judicata.

II.
We also hold that the trial court incorrectly granted Ivy leave to appeal in forma pauperis. This is a civil action seeking return of Ivy's property. We have previously ruled that the right to appear in forma pauperis in a civil matter exists at the trial level only. Moreno v. State, 637 So.2d 200, 202 (Miss. 1994); Nelson v. Bank of Mississippi, 498 So.2d 365 (Miss. 1986).

III.
Additionally, we find Ivy's appeal in this case to be frivolous and designed to harass the individual officers. During the course of this appeal and the federal court proceedings, Ivy and his legal assistant had to have learned; (1) that these officers are not detaining his property; and (2) if the property is being detained, it is not being wrongfully detained. Furthermore, it is interesting to note that this action was followed by a third unsuccessful civil action in Lauderdale County Circuit Court.
Rule 38 of the Mississippi Rules of Appellate Procedure states, "[i]n a civil case to which Miss. Code Ann. § 11-3-23 (1991) does not apply, if the Supreme Court or Court of Appeals will determine that an appeal is frivolous, it will award just damages and single or double costs to the appellee." This Court has evaluated Rule 38 frivolity by reference to M.R.C.P. 11. Roussel v. Hutton, 638 So.2d 1305, 1318 (Miss. 1994). The *451 Court has ruled that "a pleading or motion is frivolous within the meaning of Rule 11 only when objectively speaking, the pleader or movant has no hope of success." Tricon Metals & Services, Inc. v. Topp, 537 So.2d 1331, 1335 (Miss. 1989). The Court held further that its inquiry into whether a party had any hope of success is an objective one "to be exercised from the vantage point of a reasonable party in (litigant's) position as it filed and pursued its claim." Id. at 1335. The Court has not imposed Rule 11 sanctions against a pro se plaintiff. In the first case dealing with that issue, the Court indicated it would hold pro se parties to the same rules regarding procedure and substantive law as represented parties. Dethlefs, 511 So.2d at 118. The Court found the Dethlefs plaintiff not subject to Rule 11 sanctions for exaggerating her claim, because she had a justiciable claim and the defendant was put to no additional expense. Id.
Under this standard, the question for the Court would be whether a reasonable person in Ivy's position would have had any hope of success in pursuing this replevin action. At the time of the action and after discovery, he knew the officers did not have his property. He then filed a possessory action to regain his property from these officers. A reasonable person would not have tried to regain possession of his property from someone who did not have it, especially when he knew who actually was in possession of the property. Ivy is subject to Rule 38 sanctions for filing a frivolous lawsuit in this Court.
In addition, we note that this is the second of three different actions instituted by Ivy against K.D. Merchant.[1] Ivy's continuous frivolous harassment of Merchant for claims arising from the same incident (Ivy's arrest by Merchant and other officers) borders on abuse of our justice system. The U.S. Supreme Court has held that the Court has a duty to deny in forma pauperis status to those individuals who have abused the system. In re Sindram, 498 U.S. 177, 180, 111 S.Ct. 596, 597-98, 112 L.Ed.2d 599 (1991); Cf. Harrison v. Seay, 856 F. Supp. 1275 (W.D.Tenn. 1994) (where the U.S. District Court enjoined an inmate petitioner from filing any new actions without leave of court based on repeated attempts to relitigate similar, frivolous First Amendment claims.) In Sindram, the petitioner had filed 43 separate petitions and motions to the court for extraordinary relief. The Court stated, "[p]ro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations  filing fees and attorney's fees  that deter other litigants from filing frivolous petitions." Sindram, 498 U.S. at 180, 111 S.Ct. at 597 (citing In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989)). The Court then denied in forma pauperis status to petitioner for this and all other petitions for extraordinary relief. Id. Although Ivy has not filed petitions for extraordinary relief, three similar actions arising out of the same incident tend to disrupt the fair allocations of judicial resources. We cannot allow rampant, frivolous filings to clog up a judicial system replete with meritorious claims. If petitioners such as Ivy continue to abuse the privilege of filing in forma pauperis, then it is quite possible they may lose it altogether for certain filings per the U.S. Supreme Court's ruling in Sindram. Although the trial court initially determines in forma pauperis status, the Court is in a unique position of deciding which inmate, if any, abuses in forma pauperis status. Thus, we will determine when such abuse is oppressive to the judiciary, and by order will apprise the trial court to restrict this privilege if necessary. This inherent power to promulgate procedural rules emanates from Article 6 Section 144 of the Mississippi Constitution vesting the judicial powers in the courts. Matthews v. State, 288 So.2d 714, 715 (Miss. 1974).
As Ivy cannot read or write, he obviously allowed his chosen legal assistant, Robert E. Tubwell, to guide the path of his case. The record indicates that Tubwell directed all correspondence to himself care of the Mississippi Department of Corrections Legal *452 Assistance Office. Clearly, Tubwell was in control of the direction of the case. The answers to Ivy's interrogatories were served on Tubwell. At that time, Tubwell knew that the City of Meridian (and not the officers) was in possession of the property.
Robert Tubwell has some 20 years of experience as a writwriter in the Mississippi Department of Corrections Legal Assistance Office and stands in the position of an attorney to the inmates at the penitentiary. We are familiar with Tubwell's work and recognize that he is a proficient writwriter and most capable of distinguishing a meritorious claim from a frivolous one, such as this. His wealth of experience with the law has surely taught him that the bases of all pleadings and motions in our courts are good faith and responsibility. Filing a possessory action against those who do not have the appellant's property when it is evident that the City of Meridian does have the property is a violation of good faith and responsibility. As a legal assistant who stood in the unique position of corresponding with opposing attorneys, handling discovery in this matter, and drafting the appeal for Ivy, Tubwell neglected his responsibility to point that out to Ivy. For this reason, we find Tubwell standing in the position of an attorney and subject to sanctions under M.R.A.P. 38.
SUMMARY JUDGMENT OF THE TRIAL COURT FOR APPELLEES IS AFFIRMED. IMPOSITION OF THE EQUITABLE LIEN ON APPELLANT'S PROPERTY IS AFFIRMED. REVERSED AND RENDERED ON THE GRANT OF IN FORMA PAUPERIS STATUS TO APPELLANT. RULE 38 SANCTIONS IN THE AMOUNT OF $25 EACH IMPOSED ON APPELLANT AND HIS LEGAL ASSISTANT. AFFIRMED IN PART AND REVERSED AND RENDERED IN PART.
HAWKINS, C.J., DAN M. LEE, PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS and SMITH, JJ., CONCUR.
NOTES
[1] The first being the § 1983 action in federal court. The third action was Ivy v. Thomas, Cause No. 93-515 dismissed for failure to pay the filing fee and court costs.