# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00686-SCT

*VIRGIL KIRBY*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 5/15/96 |
| TRIAL JUDGE: | HON. JOHN M. MONTGOMERY |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BILLY L. GORE |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/2/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/23/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

This case comes before the Court on appeal filed by Virgil Kirby claiming error on the part of the lower court for denying his Motion for Post-Conviction Relief. Kirby pled guilty on February 10, 1993, to the charges of sale of cocaine and possession of cocaine with intent to distribute. He was sentenced to two thirty-year terms of incarceration to be served consecutively.

On January 17, 1996, Kirby filed his Motion for Post-Conviction Relief in the Circuit Court of Lowndes County. His motion was denied without an evidentiary hearing on May 15, 1996. Aggrieved from the disposition of his motion in the lower court, Kirby has appealed to this Court raising the following:

**I. WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.**

**II. WHETHER PETITIONER'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.**

**III. WHETHER THE LOWER COURT ERRED BY DENYING PETITIONER'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.**

## STATEMENT OF FACTS

On May 6, 1992, Kirby was indicted by the Grand Jury of Lowndes County in cause number 12, 458 for the sale of cocaine. Kirby made a hand-to-hand sale to an individual for the sum of $200. On November 5, 1992, Kirby was indicted by the Grand Jury of Lowndes County in cause number 92-511-CR1 for possession of cocaine with the intent to distribute that substance to others. The indictment numbered 92-511-CR1 also contained a charge of recidivism pursuant to Miss. Code Ann. § 99-19-81. Although the charging language was on the same page as the principal offense, it followed the phrase "against the peace and dignity of the State of Mississippi."

During his trial on February 9, 1993, Kirby signed a petition to enter a plea of guilty to the sale of cocaine as enumerated in cause number 12, 458 and a guilty plea to possession of cocaine with intent to distribute. In exchange for these guilty pleas, the State agreed to retire to the files a Clay County indictment charging Kirby with three counts of sale of cocaine and to amend the indictment in cause number 92-511-CR1 by deleting all references to Kirby's habitual offender status and any references to his prior convictions.

Kirby entered his plea of guilty on February 10, 1993. At the hearing the judge informed Kirby of his constitutional rights, such as the right to a jury trial, a public and speedy trial, and the right to testify or not to testify. The judge also told Kirby the maximum and minimum sentences he could receive for the offenses for which he was charged. Kirby responded in the negative when asked by the judge if he was under the influence of any drugs, medication, or alcohol which would impair his ability to understand the guilty plea proceedings.

The lower court accepted the State's recommendation and sentenced Kirby to thirty years on each charge, with the sentences to be served consecutively. The judge retired the three count indictment from Clay County to the files.

On January 17, 1996, Kirby filed his Motion for Post-Conviction Collateral Relief. He claimed that his pleas were involuntarily entered and that his counsel was ineffective. On May 15, 1996, after reviewing the record of the proceedings in the trial court, the petition to enter the guilty plea, the plea colloquy, the sentencing order, and the answer filed by the State, the lower court entered an order denying Kirby's Motion without an evidentiary hearing after finding that his claims were manifestly without merit.

## DISCUSSION OF THE ISSUES

**I. WHETHER PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF**

**COUNSEL.**

The standard of review for ineffective assistance of counsel claims is set out in *Strickland v. Washington*, 104 S.Ct. 2052 (1984). The test to be applied is (1) whether counsel's overall performance was deficient and (2) whether the deficient performance, if any, prejudiced the defense. *Cole v. State*, 666 So. 2d 767, 775 (Miss. 1995). The burden is on the defendant to prove both prongs. *Id. citing Edwards v. State*, 615 So. 2d 590, 596 (Miss. 1993).

Kirby complains that his counsel was ineffective because he informed Kirby that he would be found guilty and sentenced as an habitual offender if he did not plead guilty to the crimes charged in the indictment. Kirby states the judge at the guilty plea hearing advised him that he would be found guilty and sentenced to sixty mandatory years imprisonment due to his being indicted as an habitual offender.

Kirby states that he could not have been found guilty as an habitual offender because the indictment did not comply with this Court's decision in *McNeal v. State*, 658 So. 2d 1345 (Miss. 1995). The indictment charging Kirby as an habitual offender contained the recidivist language after the phrase "against the peace and dignity of the State of Mississippi." This Court ruled in *McNeal* such an indictment is defective when charging a defendant as an habitual offender, because indictments are to conclude with the language "against the peace and dignity of the State of Mississippi." *McNeal*, 658 So. 2d at 1350.

Although Kirby correctly interprets the holding in *McNeal* to stand for the proposition that the indictment against him was defective, the approach he uses is different. Kirby argues that he received ineffective assistance of counsel because his counsel did not object and allowed him to plead to the defective indictment. However, this Court has held that "the adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a 'totality of the circumstances.'" *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996) *quoting Cole*, 666 So. 2d at 775.

There are two reasons why the totality of the circumstances in the case sub judice do not rise to the level required by *Strickland*. First, at the time of Kirby's guilty plea this Court had not rendered its decision in *McNeal*, holding that language charging a defendant as an habitual offender could not follow the concluding phrase "against the peace and dignity of the State of Mississippi." Kirby's guilty plea was entered on February 10, 1993, and *McNeal* was decided on June 1, 1995. Yet, Kirby claims his counsel was ineffective for failing to object to language in the indictment charging him as an habitual offender that was not classified as defective by this Court until more than two years after Kirby's guilty plea.

As stated earlier, the adequacy of counsel's performance is measured against the totality of the circumstances. Here, defense counsel advised Kirby according to the law in effect at the time of the plea. Therefore, defense counsel's overall performance was not deficient.

Secondly and most importantly, Kirby's guilty pleas were made as part of a plea bargain that resulted in the indictment being amended. In exchange for his pleading guilty to the sale and possession of cocaine, the State (1) agreed to pass to the files a three count indictment returned in Clay County charging Kirby with the sale of cocaine and (2) agreed that it would not seek enhanced punishment in cause number 92-511-CR1, thus removing the potential for a sixty year sentence without the benefit

of probation or parole. The order allowing the amendment to the indictment specifically stated that all references to the defendant's habitual offender status and references to his prior convictions would be deleted. When Kirby entered his guilty plea he was pleading to an indictment that did not charge him as an habitual offender. Therefore, his argument that his counsel gave him bad advice, which allowed him to plead to a defective or unconstitutional indictment, is without merit.

Kirby also claims his counsel was ineffective because he failed to advise Kirby of his right against self-incrimination prior to the court accepting his guilty pleas. This is merely an attempt by Kirby to engage this Court in an exercise of semantics. The record clearly shows that Kirby was informed by his attorney of his right against self-incrimination.

In his Petition to Enter a Guilty Plea, Kirby stated unto the court that his lawyer had read and explained to him the petition, along with all the aspects of his case. Specifically, Kirby's petition states that if he had chosen to plead "Not Guilty" the constitution guaranteed him the right to take the witness stand at his sole option and, if he did not, it would not be held against him. After knowing and understanding the Constitutional guarantees, he waived them and renewed his desire to enter a plea of guilty. Kirby signed this petition after having been sworn under penalty of perjury. At his guilty plea hearing Kirby was asked by the court if his attorney had been over his petition in detail and explained it to him before he signed it. Kirby responded by saying that yes, he did.

Now, Kirby comes before this Court and states he lied when asked by the court if his lawyer had explained the petition and the rights contained therein. This Court has stated its displeasure with claims presented on appeal that are contrary to sworn testimony before the trial court at the time a guilty plea is entered. Where the claims before this Court are in blatant contradiction with the record below, the current documentation is rendered a "sham." *Taylor v. State*, 682 So. 2d 359, 363 (Miss. 1996); *King v. State*, 679 So. 2d 208, 210-211 (Miss. 1996). There is a great deal of emphasis placed on testimony by a defendant in front of the judge when entering a guilty plea. *Taylor*, 682 So. 2d at 364.

The record is clear that Kirby was indeed informed of his right against self-incrimination. His petition to plead guilty explicitly stated that he had a right to take the witness stand at his sole option, and if he did not take the stand the jury could not hold it against him. Kirby admitted that his lawyer informed him of this by signing his petition. He admitted it a second time when he responded affirmatively to the court when asked if his lawyer had explained the petition to him. Although the petition did not explicitly state "right against self-incrimination," Kirby was informed by his lawyer that he did not have to testify and it would not be held against him. Therefore, he will not be allowed to claim he was denied a constitutionally protected right by using semantics in an attempt to confuse this Court.

Kirby has failed to show this Court how he was denied effective assistance of counsel. He has not proven that his counsel's overall performance was deficient, nor how he was prejudiced by defense counsel's actions. Both of which are required by *Strickland* and *Cole* to be proved by the defendant. *Cole*, 666 So. 2d at 775. Kirby was not denied effective assistance of counsel, and his claim is without merit.

### II. WHETHER PETITIONER'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE.

Kirby contends that the lower court erred by not finding his guilty plea was not knowingly, voluntarily, and intelligently made. He states the trial court did not inform him of his constitutional right against self-incrimination.

The State responds by alleging this particular question was never presented to the trial judge in Kirby's Motion for Post-Conviction Relief. Although not specifically designated as an issue discussed or analyzed at length, the voluntariness of Kirby's plea was mentioned in at least eight different places in his motion. The Court has previously held that where a prisoner is proceeding pro se, we will take that into account and, in our discretion, credit not so well pleaded allegations so that a prisoner's meritorious complaint may not be lost because inartfully drafted. *Ivy v. Merchant*, 666 So. 2d 445, 449 (Miss. 1995); *Moore v. Ruth*, 556 So. 2d 1059, 1061 (Miss. 1990). Therefore, this issue was properly raised in the court below and has been preserved for consideration at the appellate level.

This Court is concerned with protecting a defendant's constitutional rights before a guilty plea. A guilty plea must be voluntarily made in order to satisfy the constitutional rights of the defendant. *Taylor*, 682 So. 2d at 362. The plea is deemed voluntary if the defendant knows what the elements are in the charge against him, including an understanding of the charge and its relation to him, the effect of the plea, and the possible sentence. *Id. citing Schmitt v. State*, 560 So. 2d 148, 153 (Miss. 1990). A complete record should be made of the plea proceeding to ensure that the defendant's plea was voluntarily entered. *Boykin v. Alabama*, 89 S.Ct. 1709 (1969).

Kirby again wants to engage in a war of words that really amounts to no more than an exercise in semantics. Kirby claims the trial judge failed to advise him of his right against self-incrimination. Yet, the record clearly shows where the judge interrogated Kirby prior to accepting his plea to ensure that it was entered knowingly, intelligently, and voluntarily entered.

Kirby is correct when he asserts the judge did not explicitly state, "Defendant you have a right against self-incrimination." However, the judge did question Kirby in the following manner:

> BY THE COURT: All right. Now you signed a sworn petition here setting out that you understand your constitutional rights and I'm going to go over those briefly with you. We're during--we're in the middle of your trial and so you understand that you have a right to a jury trial, a public and speedy jury trial. *And you have a right to testify or you have a right to not testify and the fact that you don't testify can't--won't be held against you.* You also have a right to have the assistance of a lawyer and you have a right to be presumed innocent, a right to object to the racial composition of the jury. You have a right to appeal your case, if you were convicted, to the Supreme Court. And--do you understand those constitutional rights?
>
> DEFENDANT: Yes, I do.
>
> BY THE COURT: And do you understand, Mr. Kirby, by entering this plea of guilty, you're waiving or giving those rights up, because you're admitting to the court you committed these crimes in these two cases. You understand that?
>
> DEFENDANT: Yes, I do.

(emphasis added).

Like Kirby's argument in the first issue, he attempts to confuse this Court in order to have his guilty plea set aside. The judge informed Kirby that he did not have to testify, and if he did not so testify, the jury would not be able to hold that fact against him. Kirby was informed of his constitutional right against self-incrimination. The record is clear that he understood this right and understood that by entering a guilty plea he was waiving that right.

The record of the guilty plea hearing is replete with explanations by the trial judge of the charges and the consequences of those charges to Kirby. All of this was done prior to the acceptance of any guilty plea by Kirby. Regardless of Kirby's attempts to engage this Court in an exercise in semantics, there can be no doubt from a review of the record that his plea was knowingly, intelligently, and voluntarily entered.

### III. WHETHER THE LOWER COURT ERRED BY DENYING PETITIONER'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.

Kirby asserts before this Court that the lower court erred by denying his motion for Post-Conviction Relief without first having an evidentiary hearing. This summary denial was proper based on the findings of the lower court.

In its order denying Kirby's Motion, the lower court stated "after having reviewed the record of proceedings in the trial court, the petition to enter the guilty plea, the plea colloquy, the sentencing order the Answer filed by the State and the pleading herein" the petition was without merit and no hearing was necessary. Miss. Code Ann. § 99-39-11(2) provides "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to notified."

The record before this Court is complete and adequately shows that the constitutional rights of the defendant were protected. There was no need for a further hearing on the matter. The lower court did not commit error by denying Kirby's claims which were manifestly without merit.

### CONCLUSION

Kirby was not denied effective assistance of counsel. Upon reviewing the record, it is clear when measured against the totality of the circumstances that Kirby failed to prove either prong required by *Strickland*. Defense counsel was neither deficient in his performance, nor was Kirby prejudiced as a result of counsel's representation. Kirby was questioned at great length by the trial judge to ensure his constitutional rights were protected. Among those rights, which he was informed and later waived, was the right against self-incrimination. He has unsuccessfully tried to engage this Court in an exercise of semantics in order to create a cloud of confusion. Kirby's plea was knowingly, intelligently, and voluntarily made. The lower court did not err by denying Kirby's Motion for Post-Conviction Relief without an evidentiary hearing. After considering the record of the guilty plea proceedings, the petition to enter the guilty plea, the plea colloquy, the sentencing order, the answer filed by the State and the pleadings therein, the lower court found the motion to be manifestly without merit. Therefore the lower court's denial of Kirby's Motion for Post-Conviction Relief is

affirmed.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**