IN THE SUPREME COURT OF MISSISSIPPI

NO. 96-CA-00872-SCT

*WILLIE STERLING*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 7/9/96 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GEORGE F. HOLLOWELL, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| DISTRICT ATTORNEY: | HALLIE G. BRIDGES |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/8/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/97 |

**BEFORE SULLIVAN, P.J., SMITH AND MILLS, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

On June 8, 1995, Willie Sterling was indicted in the Circuit Court of Sunflower County, Mississippi on the following charges: (1) sale of cocaine as a subsequent offender pursuant to Miss. Code Ann. §§ 41-29-139(a)(1) (Supp. 1997) & 41-29-147 (1993), and (2) possession of cocaine with intent to sell pursuant to Miss. Code Ann. §§ 41-29-139(a)(1) (Supp. 1997). On July 12, 1995, Sterling pled guilty to both charges and Circuit Court Judge Gray Evans sentenced Sterling to thirty (30) years in the custody of the Mississippi Department of Corrections, with eligibility for parole.

On January 26, 1996, Sterling, by and through his attorney, George F. Hollowell, Jr., filed the following motions, and briefs in support of same, in the Circuit Court of Sunflower County, Mississippi: (1) Motion to Modify the Sentence, (2) Motion for Medical Care of a Defendant Confined to Prison, (3) Motion for Relief under the Mississippi Uniform Post-Conviction Collateral

Relief Act, and (4) Motion to Vacate and Set Aside Conviction and Sentence. The Post-Conviction Relief Motion and the Motion to Vacate and Set Aside Conviction and Sentence were incorporated into one motion and a hearing on the same was held before Judge Evans on July 9, 1996 at the Sunflower County Courthouse, Indianola, Mississippi. Judge Evans overruled the Motion to Modify Sentence on the grounds that the court had no authority to modify a sentence. The Motion for Medical Care was also heard at the July 9, 1996 hearing, following the Motion for Post-Conviction Relief.

Following the evidentiary hearing, Judge Evans denied Sterling's Motion for Post-Conviction Relief by Order dated July 16, 1996. Sterling appeals, by and through his attorney Hollowell, and raises the following issue:

**WHETHER THE TRIAL COURT SHOULD HAVE DENIED STERLING'S MOTION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING.**

## LEGAL ANALYSIS

Sterling's request for Post-Conviction Relief was premised on the following two allegations: (1) his guilty plea was involuntarily made, and (2) he was afforded ineffective assistance of counsel.

Evidentiary Hearing Analysis.

Sterling's counsel correctly outlines the legal standard for dismissing a petition for Post-Conviction Relief.

> Under the authority of Mississippi Code Annotated § 99-39-11, Mr. Sterling was entitled to an evidentiary hearing. A petition should not be dismissed unless "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal. . ." Miss. Code Ann. § 99-39-11. If a request for post-conviction relief meets the pleading requirements of Mississippi Code Annotated § 99-39-9, then the defendant is entitled to an evidentiary hearing and the petition should not [sic] dismissed based on the pleadings alone. ***Myers v. State***, 583 So. 2d 174, 176 (Miss. 1991).

Hollowell further states that "[t]he pleading requirements were complied with and the lower court **should have had an evidentiary hearing** on the voluntariness of the plea and the ineffective assistance of counsel."

Sterling's appeal to this Court should be dismissed as frivolous under Miss.R.App.P. 38 and sanctions should be levied against Sterling's attorney, Hollowell, in that there is absolutely no merit to the claim that the lower court dismissed Sterling's Motion for Post-Conviction Relief without an evidentiary hearing. As indicated above, the lower court did in fact hold an evidentiary hearing regarding the Post-Conviction Relief allegations on July 9, 1996. At that hearing, the court heard testimony regarding Sterling's allegation that his guilty plea was involuntary and his allegation that he received ineffective assistance of counsel. Following testimony by Willie Sterling (Appellant), Monica Sterling (Appellant's wife), and Joe Buchanan (Appellant's Trial Attorney), Judge Evans denied Sterling's Motion for Post-Conviction Relief and specifically held that there was no showing of ineffective

assistance of counsel and that "the defendant knew what he was doing and . . . simply was hoping for the best, and is now dissatisfied with his sentence."

**Mr. Hollowell represented Sterling at this evidentiary hearing** but is now appealing the lower court's decision on the basis that Sterling's Motion for Post-Conviction Relief Motion was dismissed without an evidentiary hearing. It is clear from the record and the July 9, 1996, hearing transcripts that Mr. Hollowell was aware that the hearing was specifically held for the purpose of determining the validity of Sterling's Post-Conviction Relief Motion. Mr. Hollowell received a Notice of Hearing dated June 6, 1996 from the Circuit Court Administrator informing him "**that a hearing on Plaintiff's Post Conviction Relief Motions will be held before Judge Gray Evans on Tuesday, July 9, 1996, at 11:00 a.m., at the Sunflower County Courthouse, Indianola, Mississippi**." At the July 9, 1996 hearing, Judge Evans denied Sterling's Motion to Modify Sentence. Judge Evans further indicated that he wanted to hear the Motion for Medical Care separately. The following discussion of the remaining motions ensued:

> BY MR. HOLLOWELL: And the other Motion for Relief under the Uniform Post-Conviction Collateral Relief Act and the Motion to Vacate and Set Aside Conviction and Sentence will be incorporated into one?
>
> BY THE COURT: Yeah.

Hollowell then presented testimony from the appellant Willie Sterling, and the appellant's wife, Monica Sterling regarding his claims of ineffective assistance of counsel and involuntary guilty plea. The State then presented testimony from the appellant's trial attorney, Joe Buchanan regarding these same issues and moved to have a copy of the guilty plea transcript introduced into evidence. Mr. Hollowell then recalled the appellant Willie Sterling in rebuttal to the State's testimony. By Order dated July 9, 1996, and entitled Order Overruling Motion to Vacate and Set Aside Conviction and Motion for Relief Under the Mississippi Unifor [sic] Collateral Relief Act, Judge Evans denied Sterling's request for collateral relief. The order specifically stated:

> This day this cause come on **to be heard** upon Defendant's Motion to Vacate and Set Aside Conviction and Sentence which was combined with Defendant's Motion for Relief under the Mississippi Uniform Post-Conviction Collateral Relief Act and the Court **having heard and considered all of the evidence adduced, proffered, and submitted, and heard and considered arguments and statements of counsel** is of the opinion and so finds that Defendant's primary contention is that he was denied effective assistance of counsel and the Court is of the opinion and so finds that Defendant's counsel, Joe Buchanan, was not ineffective in his representation of Defendant. The Court further finds that Defendant's pleas were freely and voluntarily entered into with knowledge of the consequences thereof. The Court having considered all of the allegations of the motions finds them to be without merit and the motions are hereby denied.
>
> It is thereupon Ordered and Adjudged that the Motion to Vacate and Set Aside Conviction and Sentence and the Motion for Relief under the Mississippi Uniform Post Conviction Collateral Relief Act be and the same are hereby denied.

It should also be noted that Sterling admitted during the evidentiary hearing that he simply was

dissatisfied with the sentence he received.

Rule 38 Sanctions.

Because there was in fact an evidentiary hearing conducted in the lower court and Sterling admitted that he was simply dissatisfied with his sentence, common sense dictates that there is no merit to Sterling's appeal.

This Court imposed Rule 38 sanctions in the amount of $25 each against an inmate and his co-inmate writwriter in *Ivy v. Merchant*, 666 So. 2d 445, 452 (Miss. 1995).

> Rule 38 of the Mississippi Rules of Appellate Procedure states, "[i]n a civil case to which Miss. Code Ann. § 11-3-23 (1991) does not apply, if the Supreme Court or Court of Appeals will determine that an appeal is frivolous, it will award just damages and single or double costs to the appellee." This Court has evaluated Rule 38 frivolity by reference to M.R.C.P. 11. *Roussel v. Hutton*, 638 So. 2d 1305, 1318 (Miss. 1994). The Court has ruled that "a pleading or motion is frivolous within the meaning of Rule 11 only when objectively speaking, the pleader or movant has no hope of success." *Tricon Metals & Services, Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989).

*Ivy*, 666 So. 2d at 450-51. In this case, inmate Ivy was proceeding *pro se* and *in forma pauperis* but utilized the legal assistance of a co-inmate writwriter, Robert Tubwell. *Id.* at 451-52. Because Tubwell had "some 20 years of experience as a writwriter. . . . and [is] capable of distinguishing between a meritorious claim from a frivolous one," and the fact that he was "standing in the position of an attorney," the Court also found Tubwell subject to sanctions under Miss.R.App.P. 38. *Id.* at 452.

The case at bar meets the *Ivy* standard of a frivolous appeal. Sterling's attorney asserts that the trial court erred by dismissing Sterling's motion without an evidentiary hearing. However, it is clear from the record and hearing transcripts that the trial court did in fact hold an evidentiary hearing. In addition, Sterling admitted at the evidentiary hearing that he simply was not satisfied with his sentence. Under these circumstances, it is abundantly clear that there is no hope of success in this case.

## CONCLUSION

Attorneys are responsible for ensuring that pleadings and motions in our courts are made in good faith and responsibility. The allegations presented by Attorney Hollowell in Sterling's Brief for Appellant could not have been made in good faith and responsibility. Consequently, we hold that the trial court's denial of Sterling's Request for Post-Conviction Collateral Relief is affirmed but remanded to the trial court for a Rule 38 show cause hearing as to whether sanctions should be imposed against Attorney Hollowell.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED. REMANDED TO THE TRIAL COURT FOR A RULE 38 SHOW CAUSE HEARING AS TO WHETHER SANCTIONS SHOULD BE IMPOSED AGAINST ATTORNEY HOLLOWELL.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND**

**MILLS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**