THOMAS, J.,
for the Court:
¶ 1. Jimmy M. Stringer, pro se, appeals an order of the Circuit Court of Sunflower County denying his post-conviction motion. Stringer filed a motion for post-conviction relief claiming he was deprived of due process of law following two infractions while an inmate with the Mississippi Department of Corrections. Aggrieved, Stringer raises two assignments of error on appeal:
I. WHETHER APPELLANT’S DUE PROCESS WAS VIOLATED FOLLOWING THE REFUSAL OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO ACCEPT A WRITTEN LETTER FROM AN ATTORNEY AS AN APPEAL OF TWO RULE VIOLATION REPORTS.
II. WHETHER THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOLLOWED PROPER PROCEDURE IN NOTIFYING APPELLANT UNDER THE DEPARTMENT INTERNAL PROCEDURES THAT REQUIRE AN INMATE RECEIVE THE FIRST COPY OF A RULE VIOLATION REPORT WITHIN SEVENTY-TWO HOURS OF THE ALLEGED VIOLATION.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Jimmy M. Stringer is incarcerated with the Mississippi Department of Corrections “MDOC,” having been previously convicted of capital murder. In late December of 1998, Stringer, by and through counsel, filed a petition in the Sunflower County Circuit Court against MDOC and several employees of the department in *225 their official capacity. Stringer asserts that he was deprived of due process of law following two rule infractions wherein he was allegedly placed in administrative segregation, untimely given notice of two Rule Violation Reports, “RVR,” and denied his right to counsel during MDOC’s internal appeals process.
¶ 4. On March 20, 1999, a hearing on the matter was held before the Honorable Gray Evans. Following the withdrawal of Stringer’s counsel, Stringer was granted permission to represent himself during the hearing. Stringer was allowed to file an affidavit asserting what prejudices, if any, resulted from the two RVRs. Said affidavit was filed on March 29, 1999. On April 13, 1999, the trial court entered an order dismissing Stringer’s complaint. Stringer appeals that order.
¶ 5. On November 22, 1997, Stringer was observed improperly hugging a female corrections officer by a fellow corrections officer who reported the improper physical contact. On November 24, 1997, Stringer was placed in administrative segregation and given a detention notice which he signed. On December 1, 1997, a detention hearing was held following the report. November 24,1997 was the Monday before the Thanksgiving holidays, and Stringer was afforded a hearing on the first available working day following the holiday. It was the recommendation of the classification team who conducted the hearing to hold Stringer in maximum security pending the outcome of the investigation given the nature of the offense, physical contact with a corrections officer. As a result of the investigation and during his confinement, it was discovered that Stringer had. contacted the same female officer via the telephone through a three-way call on the 22nd of November as well. A second RVR was filed against Stringer as a result of this call for the unauthorized use of a telephone or telephone privileges.- Pending the investigation, Stringer remained in segregated population for fifty-seven days.
¶ 6. On January 21, 1998, Stringer was found guilty on both RVRs; however, no punishment was administered' other than time served, the fifty-seven days in segregation. Inmates are provided fifteen days in which to internally appeal decisions resulting from rule infractions. On the fifteenth day, February 5, 1998, an attorney representing Stringer sent a letter to MDOC’s superintendent. The letter was titled “Appeal of Disciplinary Findings and Punishment.” That letter was rejected as an appeal for non-compliance with the RVR appeals process and forwarded to Stringer. Stringer’s attorney was also notified of the proper procedure. Under MDOC’s internal policy governing RVR, RVR appeals are set up to be utilized by the inmates themselves and therefore must come directly from the inmate. Approximately one year later, after exhausting all of his administrative remedies, Stringer filed his complaint in the Sunflower County Circuit Court.
I.
WHETHER APPELLANT’S DUE PROCESS WAS VIOLATED FOLLOWING THE REFUSAL OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO ACCEPT A WRITTEN LETTER FROM AN ATTORNEY AS AN APPEAL OF TWO RULE VIOLATION REPORTS.
¶ 7. Stringer argues that he was denied due process of law upon the MDOC’s refusal to accept a letter styled “Appeal of Disciplinary Findings and Punishment” as his appeal of the findings of the Disciplinary Committee. In response, the State argues that Stringer has failed to provide any supporting authority and that in spite of the general leeway given pro se litigants in drafting their briefs, they are still “held to the same rules of procedure and substantive law as represented parties.” Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995). We agree, however, notwithstanding the procedural bar and given the pro se nature of the appeal now before us, *226 we give credit to Stringer’s argument despite his failure to cite any supporting authority, lest “a prisoner’s meritorious complaint ... be lost because [it is] inart-fully drafted.” Myers v. State, 583 So.2d 174, 176 (Miss.1991).
¶ 8. The basis of Stringer’s argument is that he was in some way prejudiced by MDOC’s refusal to accept a letter from his attorney as an appeal. However, our review of the record fails to reveal that Stringer was denied his right to the MDOC’s appeal process by virtue of the letter sent by his attorney. Both Stringer and his attorney were advised that the letter would not comport with MDOC’s internal policy governing RVR appeals. We have reviewed Stringer’s brief and the arguments advanced, but are compelled to hold that Stringer has failed to advance any claim which would implicate a violation of due process. In light of the United States Supreme Court’s decision in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), we can find no claim that gives rise to a liberty interest:
[Sjtates may under certain circumstances create liberty interests which are protected by the due process clause ... these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the due process clause of its own force ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.
Id. at 483-84, 115 S.Ct. 2293.
¶ 9. The procedures set up within MDOC are administrative procedures and are naturally tailored to meet the needs and particular circumstances of that department as relate to the prison environment. Despite Stringer not being allowed to appeal his RVRs through his attorney, he was nevertheless allowed to proceed with his appeal in accordance with MDOC policy and appeal said decision to the lower court once he had exhausted all administrative remedies. This assignment of error is without merit.
II.
WHETHER THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FOLLOWED PROPER PROCEDURE IN NOTIFYING APPELLANT UNDER THE DEPARTMENT INTERNAL PROCEDURES THAT REQUIRE AN INMATE RECEIVE THE FIRST COPY OF A RULE VIOLATION REPORT WITHIN SEVENTY-TWO HOURS OF THE ALLEGED VIOLATION.
¶ 10. Stringer argues that, as a result of MDOC’s failure to timely provide him with copies of the RVRs within seventy-two hours of the alleged incident, he was denied due process of law. However, Stringer does not state how this alleged violation, if true, results in a due process violation. He, likewise, as was the case in the previous issue, fails to provide supporting authority for his assertions nor has he articulated how not having received the RVRs within the specified seventy-two hour period has resulted in any due process or constitutional violation. Stringer was notified, via a detention notice, two days after he improperly touched the female officer that he was being placed in segregated population. He was afforded a detention hearing at the earliest possible date given that the Thanksgiving holiday and a weekend fell between his notice on the 24th and his hearing on the 1st of December. Furthermore, he was on notice that an investigation was underway and the nature of the allegations against him. The fact that he was kept in segregated population pending the outcome of the investigation is neither persuasive to our analysis nor relevant given the nature of the offense he committed. A prisoner has no “liberty interest” in the classification he is assigned unless the classification affects the length of the prison sentence or imposes atypical or significant hardship in *227 relation to the ordinary incidents of prison life. Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996). This is not the case here. Furthermore, we are reminded of the United States Supreme Court’s holding in Sandin, which we have previously cited and need not discuss further. This assignment is without merit.
¶ 11. THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.