IRVING, J.,
for the Court.
¶ 1. Gordon Kleyle appeals from an order of the Circuit Court of Pearl River County granting judgment on a jury verdict in favor of Bert Burrill in the amount of $3,500 in actual damages and $10,000 in punitive damages. Kleyle brings four is *483 sues on appeal: (1) whether the trial judge erred in sustaining BurrilTs motion in li-mine to exclude certain evidence, (2) whether Burrill met his burden of proof, (3) whether the testimony of D.R. Davis was contrary to the facts in this case and therefore, unduly prejudicial to Kleyle’s defense, and (4) whether the trial judge erred when he permitted the trial of this matter knowing that evidence in a criminal proceeding involving Kleyle had been lost or misplaced and that the absence of this evidence was tremendously disadvantageous to Kleyle’s defense.
¶ 2. We find no prejudicial error; therefore, we affirm the trial court.
FACTS
¶ 3. On May 20, 1999, Burrill was flying his registered 1987 Whitman Tailwind airplane in Pearl River County, Mississippi and making an approach to land on the airstrip located on property owned by his brother Tommy. Tommy is Kleyle’s neighbor. While flying, Burrill twice felt what appeared to be “thumps” under the plane. After returning the plane to its local hangar, Burrill checked the plane and found what appeared to be bullet holes. Thereafter, he called the Federal Aviation Administration and the Federal Bureau of Investigations to report the incident. Bur-rill and Tommy removed the bullet while an FBI agent watched. Two round metal balls were removed and given to the FBI agent; the agent gave Burrill a receipt for the evidence. Burrill also filed a complaint with the Pearl River County Sheriffs Department.
¶ 4. The Pearl River County Board of Supervisors held a board meeting on June 1, 1999. Kleyle attended the meeting to complain about the planes flying over his property and to seek some remedy for this situation. The board meeting was taped by D.R. Davis, former chancery clerk of Pearl River County. He taped the sessions in order to record the minutes accurately. During the board meeting, Kleyle explained that a plane had flown over his house; he then told the board that “I shot at him twice.” Davis gave his tape of the board meeting to Rodney Spears, a police officer, who was present. Tracey Dash, a newspaper reporter, was also present at the board meeting and later wrote an article quoting Kleyle’s statement. Kleyle never called to complain about the accuracy of the article. Thereafter, Burrill filed a civil suit against Kleyle.
ANALYSIS AND DISCUSSION OF ISSUES

1. Exclusion of Evidence

¶ 5. Kleyle contends that the trial court erroneously excluded (a) evidence of his prior criminal proceeding (and its outcome) arising out of some of the same facts and circumstances as the instant claim, (b) evidence of allegations of illegal drug activity in the area of Kleyle’s property, (c) evidence of the activities of airplanes other than that of Burrill’s, (d) evidence of the FBI’s investigation and/or lack thereof, and (e) evidence of the FAA’s investigation and/or lack thereof. Kleyle did not make any proffer as to the specifics of the excluded evidence.
¶ 6. Our supreme court has recognized many times that each case must be decided by the facts shown in the record and not by mere assertions in the brief. Mason v. State, 440 So.2d 318, 319 (Miss. 1983). Without more than mere assertions, it must be presumed that the rulings of the trial court were correct. Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973).
¶ 7. This Court has reviewed the record as well as the clerk’s papers and has failed to find evidence that Kleyle, in any way, preserved this issue for appeal. *484 Although the “Motion in Limine” filed by Burrill was included in the clerk’s papers, no hearing transcript, objection to the motion, or other materials were made available to this Court which would have allowed us to make a determination as to the substance of this issue.
¶ 8. Burrill properly notes that “there must be some statement dictated into the record as to what the excluded evidence would have been so that the Court is able to say whether the evidence would have been material or relevant or whether its exclusion constituted prejudicial error.” Martin v. Wadlington, 337 So.2d 706, 708 (Miss.1976). In addition, “[o]ur rule is that in making profert of testimony rejected by the trial court, counsel must cause the record to clearly reflect what he intended to prove by such testimony.” Id. at 708. Although Kleyle represented himself in the lower court, “[pjro se parties should be held to the same rules of procedure and substantive law as represented parties.” Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 118 (Miss.1987) (quoted with approval in Ivy v. Merchant, 666 So.2d 445, 449 (Miss.1995)). Since we have nothing to review, we, as already observed, presume that the ruling of the trial judge was correct. This issue lacks merit.

2. Sufficiency of the Evidence

¶ 9. Kleyle asserts that Burrill failed to meet his burden of proof. This is in effect a claim that the evidence is insufficient to support the verdict. Burrill’s burden was to prove to the jury by a preponderance of the evidence that Kleyle was guilty of shooting Burrill’s airplane. The jury, by its verdict, found that Burrill met his burden by providing sufficient evidence of the shooting. What we are left with is essentially a claim by Kleyle that the trial court should have granted him a judgment notwithstanding the verdict.
¶ 10. To echo the pronouncement in Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss.1984), the jury’s verdict should stand if there is “evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions.” Also, the jury verdict should endure unless allowing it to do so will sanction an unconscionable injustice. Herrington v. Spell, 692 So.2d 93, 100-04 (Miss.1997). This Court finds that reasonable and fairminded men and women in the exercise of impartial judgment might have reached different conclusions in this case and that allowing the jury’s verdict to stand will not sanction an unconscionable injustice. Quite the contrary, the .great weight of the evidence pointed to Kleyle’s liability. The record reflects that Dash, Davis, Spiers, and even Kleyle testified that Kleyle stated to the board of supervisors that he shot at an airplane twice. Burrill’s airplane suffered two bullet holes the same day that Kleyle claimed to have shot twice at an airplane. Also, Kleyle’s witnesses failed to provide testimony to rebut that Kleyle did not shoot at Burrill’s airplane.

3. The Testimony of D.R. Davis

¶ 11. Kleyle alleges that Davis gave false testimony when Davis testified that Kleyle stated that Kleyle went in the house and got Kleyle’s shotgun. He argues that he was prejudiced by this false testimony. Kleyle’s argument on this issue is premised on his contention that evidence from Kleyle’s criminal trial would have proven Davis’s testimony was perjured. He thus reasons that he could have impeached Davis with Davis’s testimony from the criminal trial. Kleyle does not provide any explanation to support the *485 allegations of prejudicial effect outside his inability to impeach D.R. Davis with the evidence from the criminal trial.
' ¶ 12. As stated in issue one, the evidence offered in the criminal proceeding was not proffered and made a part of the record in this appeal. More importantly, the record reflects that Kleyle tried. to impeach Davis’s testimony during trial by asking Davis whether he was sure Kleyle stated he used a shotgun. Davis replied in the affirmative. Obviously, the jury decided that Kleyle’s attempt to impeach failed to mar Davis’s credibility or failed to add to Kleyle’s contentions that he did not shoot at Burrill’s airplane.

Jp. Trial in the Absence of the Transcript of the Criminal Proceedings

¶ 13. Again, Kleyle mentions a criminal proceeding in his brief, but the record reflects that, in the court below, Kleyle complained only about not having the actual tape of the board meeting. This Court is unable to find any mention of a criminal proceeding in the record other than in Burrill’s “Motion in Limine.” For the reasons already discussed, we are unable to address this issue. Having found no reversible error in the proceedings below, we affirm the decision of the trial court.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY IS AFFIRMED, AND STATUTORY DAMAGES AND INTEREST ARE AWARDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER and BRANTLEY, JJ., concur.